[No. C044749. Third Dist. July 21, 2004.]

THOMAS EUGENE MOORE, Plaintiff and Appellant, v.
TIMOTHY TWOMEY, as Deputy Sheriff, etc., et al., Defendants and
Respondents.

## COUNSEL

Thomas Eugene Moore, in pro. per., for Plaintiff and Appellant.

Prison Law Office and Donald Specter as Amicus Curiae on behalf of Plaintiff and Appellant.

Longyear, O'Dea & Lavra, Van Longyear, John A. Lavra and Jeri L. Pappone for Defendants and Respondents.

Bill Lockyer, Attorney General, and Manuel M. Medeiros, State Solicitor General, as Amicus Curiae.

## OPINION

**RAYE, J.**—The sole issue presented by this appeal is whether, for purposes of Government Code section 945.6, a prisoner's pro se civil complaint should be deemed filed on the date it is properly delivered to prison officials pursuant to the prison's established procedures for prisoners' mail rather than on the date it is actually filed by the clerk of court. Here, the prisoners' outgoing mail log submitted on appeal indicates plaintiff's civil complaint was delivered by plaintiff and mailed within the effective statute of limitations; the superior court clerk filed it 12 days later, after the statute had expired.

Our state Supreme Court has held that the "prison-delivery rule" applies to determine the timeliness of a notice of appeal delivered to prison officials for mailing by an unrepresented confined defendant to "ensure[] that an unrepresented defendant, confined during the period allowed for the filing of an appeal, is accorded an opportunity to comply with the filing requirements fully comparable to that provided to a defendant who is represented by counsel or who is not confined." (*In re Jordan* (1992) 4 Cal.4th 116, 119 [13 Cal.Rptr.2d 878, 840 P.2d 983] (*Jordan*).) In so doing, the court followed the holding and reasoning of the United States Supreme Court in *Houston v. Lack* (1988) 487 U.S. 266 [101 L.Ed.2d 245, 108 S.Ct. 2379] (*Houston*), which applied what has also been called the "mailbox rule" to notice of appeal filings by federal prisoners.

Although application of the prison-delivery rule to civil complaint filings presents an issue of first impression in our state courts, we conclude the concerns underlying the decisions in *Jordan* and *Houston* apply to the instant case. Accordingly, we shall reverse the judgment of dismissal and remand for further proceedings.

### FACTS AND PROCEDURAL BACKGROUND

Plaintiff Thomas Eugene Moore alleges that while he was incarcerated at Rio Cosumnes Correctional Center in November 2000, three boxes of legal papers (including copies of his trial transcripts and documents related to pending civil proceedings) were unlawfully confiscated by Sacramento Sheriff's Sergeant Contini and Deputies Moore and Kawamoto. According to plaintiff, the boxes were reported lost and never returned.

Plaintiff filed a tort claim for property loss with the County of Sacramento. The county rejected his claim. By letter dated May 31, 2001, the county informed plaintiff of its decision. The letter also stated: "WARNING [¶] Subject to certain exceptions, you have only six (6) months from the date that

this notice was personally delivered, or deposited in the mail, to file a court action on this claim. See Government Code § 945.6. [¶] You may seek the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you should do so immediately."

While incarcerated in Salinas Valley State Prison, plaintiff prepared a pro se civil complaint against Sacramento County Sheriff's Lieutenant Twomey, Sergeant Contini, and Deputies Moore, Kawamoto, and Stewart, alleging the law enforcement defendants negligently or intentionally lost, destroyed, or withheld plaintiff's legal files, thereby causing the delay or dismissal of his pending civil actions and the withdrawal of meritorious defenses in his criminal cases.[1] The "proof of service" accompanying the complaint states that on November 20, 2001, the complaint, summons, cover sheet, fee waiver application, and order were placed in a sealed envelope with the proper postage, addressed to the Sacramento Superior Court clerk, and placed "in a deposit box provided for at the Salinas Valley State Prison, Soledad[.]" The prisoners' outgoing mail log submitted on appeal indicates the package was mailed on the following day, November 21, 2001.

The superior court clerk filed the complaint on December 3, 2001.

Although defendants initially filed and served an answer to the complaint, they later moved for judgment on the pleadings on the ground that plaintiff missed the six-month deadline for filing his government tort claim complaint. Plaintiff opposed the motion, arguing he had submitted the complaint to prison officials for mailing within the limitations period.

The trial court granted defendants' motion and dismissed the complaint with prejudice. It agreed plaintiff's complaint is barred by the statute of limitations because "[p]laintiff filed a claim with the County of Sacramento on May 5, 2001. His claim was rejected on May 31, 2001. Plaintiff filed this complaint on December 3, 2001, more than six months after rejection of his claim. It is immaterial that Plaintiff asserts that he mailed the Complaint on November 20, 2001. The Complaint must be filed within six months."

## DISCUSSION

◼ Suits against a public entity or public employees are governed by the specific statute of limitations provided in the Government Code, not the statute of limitations that applies to private defendants. (*Martell v. Antelope*

---

[1] The defendant officers' first names appear neither on the complaint nor on their answer to the complaint; for purposes of titling this opinion, Lieutenant Twomey's first name was ascertained through counsel.

*Valley Hospital Medical Center* (1998) 67 Cal.App.4th 978, 981 [79 Cal.Rptr.2d 329].) Government Code section 945.6 requires "any suit brought against a public entity" to be commenced no more than six months after the public entity rejects the claim. (Gov. Code, § 945.6, subd. (a)(1).) A civil action is "commenced" by filing a complaint with the court. (Code Civ. Proc., § 411.10.) The statute of limitations for commencing a government tort claim action is not tolled by virtue of a plaintiff's imprisonment. (Code Civ. Proc., § 352.1, subd. (b).)[2]

Plaintiff contends the trial court should not have dismissed his civil complaint as untimely because he placed it in the prison mail system on November 20, 2001, well within the six-month limitations period, even though it was not filed with the court until December 3, 2001, after the six-month limitations period.

His contention has merit.

In *Houston, supra*, 487 U.S. 266, the Supreme Court held that a notice of appeal by a pro se prisoner is *filed* when it is delivered to prison authorities for forwarding to the district court rather than when it is filed with the clerk of court. *Houston* involved a pro se state prisoner who gave a notice of appeal from the dismissal of his habeas corpus petition to prison authorities to mail to the district court 27 days after the adverse judgment was entered. The district court clerk stamped the notice filed 31 days after the district court's judgment was entered, or one day outside the 30-day filing period of

---

[2] This is true notwithstanding the language contained in subdivision (b) of Government Code section 945.6. That subdivision provides: "When a person is unable to commence a suit on a cause of action described in subdivision (a) within the time prescribed in that subdivision because he has been sentenced to imprisonment in a state prison, the time limit for the commencement of such suit is extended to six months after the date that the civil right to commence such action is restored to such person, except that the time shall not be extended if the public entity establishes that the plaintiff failed to make a reasonable effort to commence the suit, or to obtain a restoration of his civil right to do so, before the expiration of the time prescribed in subdivision (a)." Virtually unchanged since 1965 (Stats. 1965, ch. 653, § 19, p. 2015), the tolling provision contained in subdivision (b) for government tort claims brought by prisoners reflected the fact that prisoners did not then retain the right to initiate civil actions although they could apply for a limited restoration of civil rights. (Cal. Law Revision Com. com., Deering's Ann. Gov. Code (1982 ed.) foll. § 945.6, p. 496; see *Williams v. Los Angeles Metropolitan Transit Authority* (1968) 68 Cal.2d 599, 604, fn. 5 [68 Cal.Rptr. 297, 440 P.2d 497].) Although Penal Code section 2601 was added in 1975 to provide that prisoners retain the right to initiate civil actions (Stats. 1975, ch. 1175, § 3, pp. 2897–2898; see Pen. Code, § 2601, subd. (d)), Government Code section 945.6, subdivision (b)'s extension of the limitations period to six months after "the civil right to commence such action is *restored* to" the prisoner (italics added) still assumes a prisoner is unable to commence a government tort claims action because of his imprisonment. As a result, subdivision (b) appears to lack any continuing vitality. (Cf. Civ. Code, § 3510 ["When the reason of a rule ceases, so should the rule itself"].)

rule 4(a)(1) of the Federal Rules of Appellate Procedure (28 U.S.C.). The Supreme Court reversed the Sixth Circuit Court of Appeals's dismissal of the appeal based on the untimely filing and found that the notice of appeal was filed when the petitioner relinquished it to prison officials for mailing to the district court. (*Houston*, *supra*, 487 U.S. at pp. 268–270.)

Central to the court's holding in *Houston* was its concern for fairness in recognition of the "unique" disadvantages of an incarcerated pro se litigant for court filings: "Such prisoners cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the court clerk receives and stamps their notices of appeal before the . . . deadline. Unlike other litigants, *pro se* prisoners cannot personally travel to the courthouse to see that the notice is stamped 'filed' or to establish the date on which the court received the notice. Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the *pro se* prisoner is forced to do so by his situation. And if other litigants do choose to use the mail, they can at least place the notice directly into the hands of the United States Postal Service (or a private express carrier); and they can follow its progress by calling the court to determine whether the notice has been received and stamped, knowing that if the mail goes awry they can personally deliver notice at the last moment or that their monitoring will provide them with evidence to demonstrate either excusable neglect or that the notice was not stamped on the date the court received it. *Pro se* prisoners cannot take any of these precautions; nor, by definition, do they have lawyers who can take these precautions for them. Worse, the *pro se* prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay. No matter how far in advance the *pro se* prisoner delivers his notice to the prison authorities, he can never be *sure* that it will ultimately get stamped 'filed' on time. . . . Unskilled in law, unaided by counsel, and unable to leave the prison, his control over the processing of his notice necessarily ceases as soon as he hands it over to the only public officials to whom he has access—the prison authorities—and the only information he will likely have is the date he delivered the notice to those prison authorities and the date ultimately stamped on his notice." (*Houston*, *supra*, 487 U.S. at pp. 270–272.)

In addition to these policy grounds, the Supreme Court reasoned in *Houston* that it will prove easy to administer a rule that the filing date of a notice of appeal shall correspond with the date a pro se prisoner delivers his notice of appeal to prison authorities: "Because reference to prison mail logs will generally be a straightforward inquiry, making filing turn on the date the *pro se* prisoner delivers the notice to prison authorities for mailing is a bright-line rule, not an uncertain one." (*Houston*, *supra*, 487 U.S. at p. 275.)

Adopting and quoting from the reasoning of the United States Supreme Court in *Houston*, our state high court has held that a state pro se prisoner's notice of appeal is likewise deemed timely filed when the prisoner demonstrates that he or she placed the notice in the prison mail. (*Jordan, supra*, 4 Cal.4th at pp. 128–130.) "[T]he rule rests in large measure on the proposition that prisoners and nonprisoners are entitled to have available an equal period of time in which to pursue their appellate rights. At present, a nonprisoner who waits until the 60th day after rendition of judgment to deliver personally a notice of appeal to the appropriate county clerk is entitled to have his or her appeal heard on the merits. Although we do not condone delay of this type, such action by a defendant is deemed to be sufficient. The prison-delivery rule simply ensures that a prisoner who exercises the same degree of diligence, by personally delivering to prison authorities a notice of appeal on the 60th day, is accorded similar treatment."[3] (*Jordan, supra*, 4 Cal.4th at p. 129; see *In re Chavez* (2003) 30 Cal.4th 643, 659 [134 Cal.Rptr.2d 54, 68 P.3d 347].)

Although we are aware of no case in which a California state court has been asked to apply the prison-delivery rule to the filing of civil complaints, it appears that every federal circuit court of appeals to consider the issue has held that the rule articulated in *Houston* applies to civil complaint filings. (*Sulik v. Taney County, Mo.* (8th Cir. 2003) 316 F.3d 813, 814–815 (*Sulik*) [extending *Houston* to 42 U.S.C. § 1983 complaints]; *Casanova v. Dubois* (1st Cir. 2002) 304 F.3d 75, 79 [same]; *Richard v. Ray* (6th Cir. 2002) 290 F.3d 810, 813 [extending *Houston* to all civil complaints]; *Cooper v. Brookshire* (5th Cir. 1995) 70 F.3d 377, 380 [same]; *Garvey v. Vaughn* (11th Cir. 1993) 993 F.2d 776, 783 [extending *Houston* to 42 U.S.C. § 1983 & Federal Tort Claims Act complaints]; *Dory v. Ryan* (2d Cir. 1993) 999 F.2d 679, 682 [extending *Houston* to 42 U.S.C. § 1983 complaints]; *Lewis v. Richmond City Police Dept.* (4th Cir. 1991) 947 F.2d 733, 736 [extending *Houston* to all civil complaints]; see also *Edwards v. United States* (7th Cir. 2001) 266 F.3d 756, 758 [extending *Houston* to all pro se filings absent exceptional circumstances].)

As a panel of the Eighth Circuit Court of Appeals recently explained its reasoning: "The foundation of *Houston* is the inherent disadvantage suffered by pro se prisoners in their ability to monitor the course of their litigation. This applies regardless of the length of the limitation period. The pro se

---

[3] This holding is now codified in California Rules of Court, rule 30.1(d), which provides: "If the superior court clerk receives a notice of appeal by mail from a custodial institution after the period specified in (a) [within 60 days after the rendition of the judgment or the making of the order being appealed] has expired but the envelope shows that the notice was mailed or delivered to custodial officials for mailing within the period specified in (a), the notice is deemed timely. The clerk must retain in the case file the envelope in which the notice was received."

prisoner has no control over the processing of his complaint after he turns it over to prison authorities for mailing, the prisoner lacks legal counsel to institute and monitor the process, and the prison authorities have reason to delay the filing of lawsuits, especially those against prison officials." (*Sulik, supra,* 316 F.3d at p. 815.)[4]

We agree that the concerns that prompted the Supreme Court's ruling in *Houston* and our own high court's decision in *Jordan* are also present in this case. The parties in those cases, like plaintiff here, were incarcerated pro se litigants who, unlike other litigants, could not monitor the process of the mails to ensure that their pleadings were timely filed and, by definition, had no attorney to monitor the process for them. As a result, all likely would have been unaware of delays in filing and unable to rectify any problems even if they were apprised of them. They could not have delivered copies of their documents to the clerk by hand and did not have access to express mail services. They had to rely on correctional authorities, who might have been motivated to delay the filing (although nothing in the record before us indicates that happened in plaintiff's case), and if the pleading were delayed, they would have had no way to determine the cause and possibly obtain evidence to support a finding of excusable neglect.

Because plaintiff's pro se appeal raises an issue of first impression with implications for prospective litigants who are not parties hereto, we invited amicus curiae briefs from the Prison Law Office and the State Attorney General.[5] The Attorney General's brief acknowledges that "equal protection guarantees are implicated when equal access to the courts is unreasonably denied by state prison officials in the handling of the prison plaintiff's mail." The Attorney General nonetheless argues that the prison-delivery rule articulated in *Jordan* for criminal appeals is inappropriate for civil cases and proposes an alternative remedy: the prisoner should be granted relief from his untimeliness by demonstrating that prison officials unreasonably delayed

---

[4] Although the Ninth Circuit Court of Appeals appears not to have considered the issue, it has held (in a decision cited by plaintiff) that *Houston* applies to the service of civil discovery responses by a pro se prisoner litigant, ruling that an incarcerated pro se litigant completes "service" of discovery responses at the time he submits the responses to prison authorities for forwarding to the party being served. (*Faile v. Upjohn Co.* (9th Cir. 1993) 988 F.2d 985, disapproved on other grounds in *McDowell v. Calderon* (9th Cir. 1999) 197 F.3d 1253, 1255, fn. 4.) It is not alone among federal circuit courts of appeals in applying the rule of *Houston* to civil procedural deadlines. (E.g., *Simmons v. Ghent* (7th Cir. 1992) 970 F.2d 392, 393 [*Houston* "applies to other filings, including a [Fed. Rules Civ. Proc.,] Rule 59(e) motion"]; *Dunn v. White* (10th Cir. 1989) 880 F.2d 1188, 1190 [*Houston* rationale applies to filing of objections to magistrate's report and recommendation], cert. den., 493 U.S. 1059 [107 L.Ed.2d 954, 110 S.Ct. 871]; *Smith v. Evans* (3d Cir. 1988) 853 F.2d 155, 161–162 [*Houston* rationale applies to rule 59(e) motion for reconsideration].)

[5] Both offices responded and we appreciate the helpful analyses they provided in this matter.

depositing the complaint in the postal system. In such an event, the complaint would be deemed to have been filed on the date of delivery to prison officials.

The Supreme Court rejected a similar approach in *Jordan*, concluding: "The prison-delivery rule also furthers the efficient use of judicial resources by establishing a 'bright-line' test that permits courts to avoid the substantial administrative burden that would be imposed were courts required to determine, on a case-by-case basis, whether a prisoner's notice of appeal was delivered to prison authorities 'sufficiently in advance of the filing deadline' to permit the timely filing of the notice in the county clerk's office." (*Jordan, supra*, 4 Cal.4th at p. 119.) For the same reasons, we are persuaded that the Attorney General's suggested remedy would create unnecessary complexity and impose an additional burden on the courts that could be easily avoided by application of a more clearly defined standard.

■ Accordingly, we agree with plaintiff that a civil complaint by a pro se prisoner litigant should be deemed filed when it is delivered to prison authorities for forwarding to the superior court. Adopting this rule will place plaintiff and other pro se prisoner litigants like him on equal footing with litigants who are not impeded by the practical difficulties encountered by incarcerated litigants in meeting filing requirements. (See *Jordan, supra*, 4 Cal.4th at p. 119.)

In so doing, we do not create an exception by which incarcerated litigants may avoid the time restrictions of limitations periods. The policies that underlie statutes of limitations—prohibiting the prosecution of stale claims and granting repose (*Richards v. CH2M Hill, Inc.* (2001) 26 Cal.4th 798, 832–833 [111 Cal.Rptr.2d 87, 29 P.3d 175])—are not undermined by applying the prison-delivery rule to the filing of civil complaints by pro se litigants. Limitations periods themselves make no distinction between those who file early and those who file late; deeming a civil complaint filed when it is delivered by an incarcerated pro se litigant to prison authorities for mailing only serves to create functionally equivalent time bars for all litigants.

Plaintiff's complaint against defendants shall be deemed filed as of the date he duly submitted it to prison authorities for forwarding to the clerk of the superior court. We therefore reverse the trial court's order granting defendants' motion to dismiss and remand for further proceedings.

## DISPOSITION

The judgment of dismissal is reversed and the matter remanded for further proceedings. Plaintiff shall recover costs on appeal.

Scotland, P. J., and Robie, J., concurred.