[No. D050975. Fourth Dist., Div. One. June 5, 2008.]

GEORGE W. SHUFELT III, Plaintiff and Appellant, v.
JAMES HALL et al., Defendants and Respondents.

## COUNSEL

George W. Shufelt III, in pro per., for Plaintiff and Appellant.

Edmund G. Brown, Jr., Attorney General, Jacob A. Appelsmith, Assistant Attorney General, Chris A. Knudsen and John T. McGlothlin, Deputy Attorneys General, for Defendants and Respondents James Hall and Garrett Beaumont.

John J. Sansone, County Counsel, and Morris G. Hill, Deputy County Counsel, for Defendant and Respondent Per Hellstrom.

## OPINION

**McCONNELL, P. J.**—George W. Shufelt III appeals a judgment dismissing his civil declaratory relief action, which challenges a finding in a criminal case that his prior Utah conviction qualified as a prior serious felony and strike conviction. The appeal was filed one day after the 60-day jurisdictional time limit for filing a notice of appeal. Shufelt contends his appeal was timely under the prison-delivery rule and that his declaratory relief action was improperly dismissed. We hold his notice of appeal was timely, but affirm the judgment.

### FACTS[1]

In January 2002, a jury convicted Shufelt of a number of criminal offenses and found he had a prior conviction in Utah for automobile homicide. Shufelt

---

[1] Shufelt submitted a request for judicial notice filed on April 15, 2008. We grant his request to take judicial notice of Utah law and the briefs in the prior appeal. Otherwise, his request for judicial notice is denied.

disputed whether the Utah conviction qualified as a serious felony and strike in California, primarily on the basis the Utah statute did not contain all the elements required for the California offense of vehicular manslaughter. The court found the Utah conviction qualified as a serious felony and strike.

Shufelt appealed his conviction. He contended the prior Utah conviction was improperly used as a prior serious felony and strike. We affirmed the judgment. Shufelt then filed a petition for a writ of habeas corpus, again challenging the use of the Utah conviction and specifically complaining there was no showing he personally inflicted great bodily injury on a person other than an accomplice. We denied his petition.

In June 2005, Shufelt filed this civil action for declaratory relief. Again, he challenges the use of his prior Utah conviction, complaining the prosecutor failed to prove that it involved either the use of a deadly weapon or the personal infliction of great bodily injury on a person other than an accomplice. He named as defendants the warden of the prison where he was incarcerated, James Hall; the deputy district attorney who prosecuted his criminal case, Per Hellstrom; and the deputy attorney general who represented the People on the appeal of the criminal case, Garrett Beaumont.

The court entered a judgment against Shufelt explaining, inter alia, that declaratory relief was not a proper remedy, the proper means for adjudicating Shufelt's claims were by direct appeal or by a petition for habeas corpus, the appellate court had already ruled on Shufelt's claims, and Beaumont was immune from liability under Government Code section 821.6.

## DISCUSSION

### I.

### *Timeliness of Appeal*

Shufelt's notice of appeal was filed in the San Diego County Superior Court on May 30, 2007, one day late.[2] However, he provided his notice of appeal to prison authorities before the due date for its filing.[3] He contends the

---

[2] Shufelt's notice of appeal was filed on May 30, 2007, 62 days after the notice of entry of judgment was filed on March 29, 2007. The 60th day following the notice of entry of judgment was Monday, May 28, 2007; however, since that was the Memorial Day holiday, the notice of appeal would have been timely if filed the following day, May 29, 2007.

[3] In his brief, Shufelt states he delivered the notice of appeal to prison authorities on May 24, 2007. The Attorney General, who is representing defendants James Hall and Garrett Beaumont, has submitted a letter attaching a mail log from the prison where Shufelt was imprisoned showing prison authorities mailed a letter from Shufelt to the San Diego County

"[p]rison-[d]elivery" rule, which deems a notice of appeal filed as of the date an incarcerated pro se litigant delivers the documents to prison authorities, applies not only to criminal appeals but also to civil appeals filed by an incarcerated in propria persona litigant.[4] We agree.

In *Houston v. Lack* (1988) 487 U.S. 266, 272, 276 [101 L.Ed.2d 245, 108 S.Ct. 2379], the United States Supreme Court held that a pro se prisoner's appeal from a denial of a writ of habeas corpus, which was required to be "filed" by the district court clerk within 30 days of entry of the judgment order or decree, was timely filed when it was delivered by the petitioner to prison authorities within the applicable period for forwarding to the court clerk. The Supreme Court rejected the respondent's argument that previous cases applying the prison-delivery rule to appeals in criminal cases provided little support for the petitioner in this case because "a petition for habeas corpus is a civil action . . . ." (*Id.* at p. 272.) The Supreme Court noted the relevant statute for the filing of civil appeals did not define when a notice of appeal has been filed, did not designate the person with whom it must be filed, or indicate it would be inappropriate to apply the prison-delivery rule. (*Ibid.*)[5] As to the Federal Rules of Appellate Procedure (28 U.S.C.),[6] the court noted they required the notice of appeal to be filed with the district court clerk, but concluded it was a "question . . . of timing, not destination: whether the moment of 'filing' occurs when the notice is delivered to the prison authorities or at some later juncture in its processing." (487 U.S. at p. 273.) The court concluded the rules were "not dispositive on this point." (*Ibid.*)

The court noted policy reasons for applying a prison-delivery rule: "[T]he moment at which pro se prisoners necessarily lose control over and contact

---

Superior Court on May 25, 2007, and stating the envelope containing the Attorney General's office service copy of the notice of appeal bears a posting date of May 25, 2007, and contains a proof of service dated May 24, 2007. The proof of service attached to the notice of appeal in the record contains a declaration of service by mail from the prison where Shufelt was incarcerated stating the notice of appeal was mailed on May 24, 2007.

[4] This issue is currently pending before the California Supreme Court in *Silverbrand v. County of Los Angeles*, review granted August 16, 2006, S143929.

[5] The applicable statute, 28 United States Code section 2107, provided: "[N]o appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree."

[6] As stated by the Supreme Court in *Houston v. Lack, supra,* 487 U.S. at page 278, the Federal Rules of Appellate Procedure (28 U.S.C.) provided in rule 3(a): " 'An appeal permitted by law as of right from a district court to a court of appeals shall be taken by *filing a notice of appeal with the clerk of the district court* within the time allowed by Rule 4'. . . ." Federal Rules of Appellate Procedure (28 U.S.C.), rule 4(a)(1) provided: " 'In a civil case in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be *filed with the clerk of the district court* within 30 days after the date of entry of the judgment or order appealed from . . .'. . . ." (*Ibid.*)

with their notices of appeal is at delivery to prison authorities, not receipt by the clerk. Thus, whereas the general rule has been justified on the ground that a civil litigant who chooses to mail a notice of appeal assumes the risk of untimely delivery and filing, [citation], a pro se prisoner has no choice but to hand his notice over to prison authorities for forwarding to the court clerk. Further, the rejection of the mailbox rule in other contexts has been based in part on concerns that it would increase disputes and uncertainty over when a filing occurred and that it would put all the evidence about the date of filing in the hands of one party. [Citation.] These administrative concerns lead to the opposite conclusion here. The pro se prisoner does not anonymously drop his notice of appeal in a public mailbox—he hands it over to prison authorities who have well-developed procedures for recording the date and time at which they receive papers for mailing and who can readily dispute a prisoner's assertions that he delivered the paper on a different date." (*Houston v. Lack, supra*, 487 U.S. at p. 275, italics omitted.)

The Supreme Court also noted that delays in mailing the notice of appeal could be due to the prison's failure to act promptly, and concluded that a pro se prisoner should not be bound by the prison's failure. (*Houston v. Lack, supra*, 487 U.S. at p. 276.)

In *In re Jordan* (1992) 4 Cal.4th 116 [13 Cal.Rptr.2d 878, 840 P.2d 983] (*Jordan*), the California Supreme Court held the prison-delivery rule remained viable in California after statutory amendments changed the period for filing a notice of appeal from 10 days to 60 days. At issue in *Jordan* was a notice of appeal from a criminal conviction. The respondent argued the prison-delivery rule was "anachronistic, contending it was derived from case law abrogated by the 1972 amendment to" the California Rule of Court governing notices of appeal and that the current filing provision allowed "ample time for the filing of a notice of appeal." (*Id.* at p. 122.) The California Supreme Court found the extension of the filing period from 10 days to 60 days did not eliminate the basis for the prison-delivery rule. (*Id.* at p. 128.) The *Jordan* court relied, in part, on the following language from *Houston v. Lack*: " 'Such prisoners cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the court clerk receives and stamps their notices of appeal before the . . . deadline. Unlike other litigants, pro se prisoners cannot personally travel to the courthouse to see that the notice is stamped 'filed' or to establish the date on which the court received the notice. Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the pro se prisoner is forced to do so by his situation. And if other litigants do choose to use the mail, they can at least place the notice directly into the hands of the United States Postal Service (or a private express carrier); and they can follow its progress by calling the court to determine whether the notice has been received and stamped,

knowing that if the mail goes awry they can personally deliver notice at the last moment or that their monitoring will provide them with evidence to demonstrate either excusable neglect or that the notice was not stamped on the date the court received it. Pro se prisoners cannot take any of these precautions; nor, by definition, do they have lawyers who can take these precautions for them.' ([*Houston v. Lack, supra,* 487 U.S.] at pp. 270–271 . . . .)" (*Jordan, supra,* 4 Cal.4th at pp. 128–129, italics omitted.)

The California Supreme Court also found the prison-delivery rule advances judicial efficiency by adopting a bright-line rule. (*Jordan, supra,* 4 Cal.4th at p. 130.)

More recently, the appellate court in *Moore v. Twomey* (2004) 120 Cal.App.4th 910 [16 Cal.Rptr.3d 163] (*Moore*), applied the prison-delivery rule to the filing of a civil complaint by a pro se prisoner. The *Moore* court was persuaded by the unique disadvantages suffered by incarcerated pro se litigants that the United States Supreme Court recognized in *Houston* and the California Supreme Court in *Jordan.* (*Moore,* at pp. 915–916.) While acknowledging that no California state case had applied the prison-delivery rule to the filing of civil complaints, the *Moore* court observed that it appeared "that every federal circuit court of appeals to consider the issue has held that the rule articulated in *Houston* applies to civil complaint filings." (*Moore,* at p. 916 and cases cited therein.) The *Moore* court concluded the prison-delivery rule should apply since the same concerns were present in its case as were present in *Houston* and *Jordan*: "The parties in those cases, like plaintiff here, were incarcerated pro se litigants who, unlike other litigants, could not monitor the process of the mails to ensure that their pleadings were timely filed and, by definition, had no attorney to monitor the process for them. As a result, all likely would have been unaware of delays in filing and unable to rectify any problems even if they were apprised of them. They could not have delivered copies of their documents to the clerk by hand and did not have access to express mail services. They had to rely on correctional authorities, who might have been motivated to delay the filing (although nothing in the record before us indicates that happened in plaintiff's case), and if the pleading were delayed, they would have had no way to determine the cause and possibly obtain evidence to support a finding of excusable neglect." (*Moore, supra,* 120 Cal.App.4th at p. 917.)

The reasoning of the *Houston, Jordan* and *Moore* cases applies equally to notices of appeal in civil cases by pro se incarcerated litigants. Additionally, it would be anomalous to apply the prison-delivery rule, as recognized by the *Moore* case, to all filings in a civil case except the notice of appeal.

It is true, as respondents point out, that the California Rules of Court contain a specific provision recognizing the prison-delivery rule for a criminal

and not for a civil appeal. (See Cal. Rules of Court, rules 8.100(a)(1) (civil appeals), formerly 1(a)(1), 8.308, formerly 30.1 (criminal appeals).) For the filing of a civil notice of appeal, the California Rules of Court provide: "To appeal from a superior court judgment or an appealable order of a superior court, other than in a limited civil case, an appellant must serve and file a notice of appeal in that superior court. The appellant or the appellant's attorney must sign the notice." (Rule 8.100(a)(1).) Under California Rules of Court, rule 8.25(b)(1) (formerly rule 40.1(b)), "[a] document is deemed filed on the date the clerk receives it."

This distinction in the California Rules of Court, however, does not persuade us the prison-delivery rule should not apply to the filing of a civil appeal by an incarcerated pro se litigant. Nothing in the language of the rule precludes application of the prison-delivery rule. The California Supreme Court in *Jordan* applied the prison-delivery rule despite the lack of any language in the rules of court specifically authorizing the prison-delivery rule. The United States Supreme Court in *Houston* applied the prison-delivery rule to a similar provision in an appeal from the denial of a petition for habeas corpus, a matter that it considered to be technically civil in nature. The *Moore* court applied the prison-delivery rule to filings in civil cases despite the lack of any express authorization in the statutes or rules.

Respondents assert that the California courts have adopted a bright-line rule that allows no excuses for late-filed civil appeals. In support, they cite *Hollister Convalescent Hosp., Inc. v. Rico* (1975) 15 Cal.3d 660, 670 [125 Cal.Rptr. 757, 542 P.2d 1349] and *Freiberg v. City of Mission Viejo* (1995) 33 Cal.App.4th 1484, 1488 [39 Cal.Rptr.2d 802]. Both of these cases involved ordinary civil litigants and issues as to when the period for filing a notice of appeal began to run when a motion for a new trial had been made. Neither case discussed the application of the prison-delivery rule to a pro se incarcerated litigant. " 'It is axiomatic that cases are not authority for propositions not considered.' " (*In re Marriage of Cornejo* (1996) 13 Cal.4th 381, 388 [53 Cal.Rptr.2d 81, 916 P.2d 476].) " 'The holding of a decision is limited by the facts of the case being decided, notwithstanding the use of overly broad language by the court in stating the issue before it or its holding or in its reasoning.' " (*Ulloa v. McMillin Real Estate & Mortgage, Inc.* (2007) 149 Cal.App.4th 333, 340 [57 Cal.Rptr.3d 1].)

We conclude the prison-delivery doctrine applies to appeals filed by pro se incarcerated litigants.

## II.

### *Declaratory Relief**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment is affirmed.

Haller, J., and O'Rourke, J., concurred.

---

*See footnote, *ante*, page 1020.