Filed 4/8/13  Gilbert v. Victim Compensation and Government Claims Bd. CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DONALD GILBERT, | F064526 |
| Plaintiff and Appellant, | (Super. Ct. No. 09CECG01362) |
| v. | |
| VICTIM COMPENSATION AND GOVERNMENT CLAIMS BOARD et al., | **OPINION** |
| Defendants and Respondents; | |
| CALIFORNIA ATTORNEY GENERAL, | |
| Real Party in Interest and Respondent. | |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Debra J. Kazanjian, Judge.

Donald Gilbert, in pro. per., for Plaintiff and Appellant.

---

[*]     Before Wiseman, Acting P.J., Gomes, J. and Franson, J.

Kamala D. Harris, Attorney General, Steven M. Gevercer, Assistant Attorney General, Alberto L. Gonzalez and Robert L. Collins, Deputy Attorneys General, for Defendant and Respondent Victim Compensation and Government Claims Board.

Beeson Terhorst, Jeffrey E. Beeson and Michael A. Terhorst for Defendant and Respondent California Department of Corrections and Rehabilitation.

-ooOoo-

Appellant, Donald Gilbert, a state prison inmate, filed a petition for writ of mandate requesting the trial court to order respondent, the Victim Compensation and Government Claim Board (Board), to consider his government tort claim as timely filed. The Board and respondent, California Department of Corrections and Rehabilitation, demurred to the petition. The trial court sustained the demurrer without leave to amend finding that appellant did not meet the six-month deadline to file a claim with the Board and did not timely seek court relief after his claim was denied.

Appellant challenges this order on the ground that, under the "mailbox rule" for prison inmates, his tort claim was timely filed. Despite the applicability of the "mailbox rule," the trial court found that appellant's claim was untimely. However, that finding is not supported by substantial evidence. Moreover, appellant did seek court relief within six months of his claim being denied. Accordingly, the judgment is reversed.

## BACKGROUND

On February 11, 2008, while performing his assigned duties as a state prisoner, appellant was injured. According to appellant, his right index finger was severed just below the fingernail.

Appellant prepared a government tort claim dated August 3, 2008. Appellant alleges that he submitted the claim on August 3, 2008, by delivering it to a prison employee who then placed it in the prison mailbox provided for collection of outgoing legal mail. However, the prison mail log does not list appellant's claim as outgoing mail on August 3 or any date thereafter.

2.

The Board denied appellant's claim on September 9, 2008, as untimely. Thus, although the prison mail log has no record of this claim being sent, it must have been sent at some point for the Board to receive it before it was denied on September 9.

Appellant responded to this denial by arguing that his claim was timely because it was deposited in the prison mail on August 3, 2008, and should have been mailed by August 4, 2008. Appellant further asserted that, if the claim was mailed late, he was not at fault.

The Board construed appellant's response as an application for leave to file a late claim. On December 26, 2008, appellant was informed that the Board denied his application on December 18.

Appellant filed a petition for writ of mandate on April 2, 2009. However, due to appellant being unable to make the scheduled court appearances, this petition was dismissed without prejudice on September 8, 2009. Appellant filed a second petition for writ of mandate identical to the first petition on August 30, 2010. A third petition, again identical to the first petition, was filed on January 20, 2011, under the same case number as the second petition.

Following a hearing on appellant's petition, the trial court denied appellant's request for relief. In doing so, the trial court made two factual findings. The court concluded that appellant: (1) did not meet the six-month deadline to file a claim with the Board; and (2) did not seek court relief within six months after the Board denied his claim.

## DISCUSSION

Before suing a public entity for personal injuries, the plaintiff must present a timely written claim for damages to the entity. (*Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201, 208.) Such timely claim presentation is a condition precedent to filing an action against the entity and thus is an element of the plaintiff's cause of action. (*Id*. at p. 209.) Accordingly, failure to timely present such a claim bars a plaintiff from

3.

maintaining a lawsuit against that entity. (*State of California v. Superior Court (Bodde)* (2004) 32 Cal.4th 1234, 1239.)

A claim relating to a cause of action for personal injury must be presented not later than six months after the accrual of the cause of action. (Gov. Code, § 911.2.) Since appellant sustained the injury on February 11, 2008, appellant was required to present his claim no later than August 11, 2008. The Board did not receive appellant's claim by that date.

Appellant argues that, as a state prisoner, he is entitled to rely on the "prison-delivery rule," also known as the "mailbox rule." This rule provides that a civil complaint by a pro se prisoner litigant is deemed filed when it is delivered to prison authorities for forwarding to the superior court. (*Moore v. Twomey* (2004) 120 Cal.App.4th 910, 918.) This rule places the pro se prisoner litigant on equal footing with litigants who are not impeded by the practical difficulties encountered by incarcerated litigants in meeting filing requirements. (*Ibid*.) Pro se prisoner litigants are forced to rely on correctional authorities, who may be motivated to delay the filing, and if the pleading is delayed, the prisoner litigants have no way to determine the cause and possibly obtain evidence to support a finding of excusable neglect. (*Id*. at p. 917.)

Applying this rule here, appellant's government tort claim should be deemed filed when it was delivered to prison authorities for forwarding to the Board.

In support of his petition, appellant submitted a copy of the prison mail log for his outgoing mail. This log has no record of appellant having delivered his claim to prison authorities on August 3, 2008, or any time thereafter. However, as noted above, the claim had to have been mailed at some point to have been received by the Board in time for the Board to deny the claim on September 9. Appellant argues that the absence of a record of his delivery of the claim is evidence that the prison officials are lax in the processing of outgoing prisoner legal mail.

The trial court considered the evidence before it and made a factual finding that appellant's claim was not timely. When the trial court has resolved a disputed factual issue, if that resolution is supported by substantial evidence, it must be affirmed on appeal. (*Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 632.) Accordingly, we must resolve all evidentiary conflicts and draw all legitimate inferences in favor of the trial court's decision and, where the evidence supports more than one inference, we may not substitute our deductions for those of the trial court. (*Lake v. Reed* (1997) 16 Cal.4th 448, 457.) Nevertheless, while we must accept any reasonable interpretation of the evidence that supports the trial court's decision, we may not defer to that decision entirely. Substantial evidence is not synonymous with *any* evidence. It must actually be "substantial" proof of the factual finding. (*McRae v. Department of Corrections & Rehabilitation* (2006) 142 Cal.App.4th 377, 389.)

It is clear from the record that appellant delivered his government tort claim to prison officials at some time before September 9, 2008. However, the prison mail log has no record of this claim having ever been delivered to, and processed by, the prison officials. Thus, it must be inferred that appellant delivered his claim but, for whatever reason, the prison officials neglected to record the date they received it. The only evidence of when appellant delivered this claim was appellant's declaration that he delivered it to the mail room on August 3, 2008. Thus, the only evidence of the timing of the delivery supports a finding that appellant's government tort claim was timely. Substantial evidence does not support the trial court's contrary decision.

Appellant was informed that his claim had been denied on December 18, 2008. Thus, appellant had until June 18, 2009, to seek court relief. (Gov. Code, § 946.6.)

Appellant filed a petition for relief in the trial court on April 2, 2009. This petition was served on respondents and thus respondents had notice within the six month time limit. Although the hearings on appellant's petition were continued repeatedly due to appellant's nonappearance and this first petition was ultimately dismissed without

5.

prejudice, appellant's failures to appear were due to circumstances beyond appellant's control, i.e., his status as a pro se prisoner litigant. Appellant attempted to vigorously pursue his superior court action but was hindered by his status. Nevertheless, appellant began the process in a timely manner. Accordingly, appellant sought court relief within six months of the denial of his claim.

## DISPOSITION

The judgment is reversed and the matter is remanded to the trial court for further proceedings. No costs are awarded. (Cal. Rules of Court, rule 8.278(a)(5).)