Filed 5/13/16  Bodnar v. County of Riverside CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THOMAS BODNAR, | |
| Plaintiff and Appellant, | E063288 |
| v. | (Super.Ct.No. RIC1403250) |
| COUNTY OF RIVERSIDE et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  John W. Vineyard, Judge.
Affirmed.

Thomas Bodnar, in pro. per., for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Arthur K. Cunningham and Amy Wong for
Defendants and Respondents.

In April 2014, plaintiff and appellant Thomas Bodnar (Bodnar) sued defendants
and respondents County of Riverside, C. Bianco, C. Harris, J. Whitting and T. Torrenti
(defendants) for personal injuries plaintiff allegedly sustained during an arrest on
January 6, 2006.  The trial court sustained defendants' demurrer without leave to amend

1

on the grounds that the action was time-barred and plaintiff failed to adequately plead compliance with the Government Tort Claims Act (Gov. Code, § 900 et seq.). Judgment was entered in favor of defendants. We conclude that the statute of limitations issue is dispositive and affirm the judgment.

## I. PROCEDURAL BACKGROUND AND FACTS

On April 1, 2014, Bodnar initiated this action against defendants, alleging that on January 6, 2006, they injured his shoulder and violated his constitutional rights while effectuating an arrest.[1]

On November 21, 2014, defendants demurred on the grounds the complaint was barred by the two-year statute of limitations (Code Civ. Proc., § 335.1) and Bodnar failed to plead compliance with the Government Tort Claims Act. In opposition, Bodnar alleged that he had filed a claim in June 2006, but it was rejected.[2] He further sought leave to amend in order to state facts sufficient to constitute a cause of action.

On January 6, 2015, the trial court sustained defendants' demurrer without leave to amend. Judgment was entered on January 26, 2015.

## II. DISCUSSION

**A. Standard of Review.**

On an appeal from a judgment of dismissal on a demurrer, we treat plaintiffs'

---

[1] Bodnar's arrest was part of an operation performed in conjunction with the NBC television show "To Catch a Predator III."

[2] For purposes of this discussion, we assume that Bodnar timely presented his claim on June 9, 2006, and it was denied by operation of law, 45 days later on July 24, 2006. (*State of California v. Superior Court* (2004) 32 Cal.4th 1234, 1240; Gov. Code, § 911.6.)

2

factual allegations as true. (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966-967.) We accept as true facts appearing in exhibits attached to the complaint, and to the extent they conflict with the allegations in the pleading, we give them preference. (*Brakke v. Economic Concepts, Inc.* (2013) 213 Cal.App.4th 761, 767-768.) "We also consider matters that may be judicially noticed. [Citation.]" (*Reynolds v. Bement* (2005) 36 Cal.4th 1075, 1083, fn. omitted.)

We review the sufficiency of the factual claims de novo, and we review the trial court's determination not to grant leave to amend for abuse of discretion. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

**B. Analysis.**

Defendants asserted that Bodnar's action is barred by the applicable statute of limitations under Code of Civil Procedure section 335.1, which provides that an action for injury to an individual caused by the wrongful act or neglect of another must be brought within two years. Moreover, any suit against a public employee must be commenced within the time prescribed by Government Code section 945.6, subdivision (a), for bringing an action against the public entity—i.e. within six months of the time a claim is denied by the entity and written notice is given, or within two years from the accrual of the cause of action if written notice is not given. Here, Bodnar would have had until January 6, 2008, to commence his action. He did not filed suit until April 2014, so the suit is time-barred.

Bodnar contends that the time for filing suit against defendants was tolled under Government Code section 945.6, subdivision (b), which provides for tolling where "'a

3

person is unable to commence a suit on a cause of action described in subdivision (a) within the time prescribed in that subdivision because he has been sentenced to imprisonment in a state prison . . . .'" (Gov. Code, § 945.6, subd. (b).) However, Bodnar's reliance on Government Code section 945.6, subdivision (b) is misplaced. Since 1976, state prisoners have had the civil right to initiate civil actions while incarcerated. (Pen. Code, § 2601, subd. (d).) As such, the six-month extension period specified in Government Code section 945.6, subdivision (b) for commencing a civil action against a public entity is now, practically speaking, inoperative. (*Moore v. Twomey* (2004) 120 Cal.App.4th 910, 914, fn. 2.) Bodnar presents no authority to the contrary, or any analysis why Government Code section 945.6, subdivision (b) is applicable in light of *Moore v. Twomey*. Moreover, both parties agree that Bodnar initially filed suit in federal court against defendants for excessive force under 42 United States Code section 1983 in *Bodnar v. Riverside County Sheriff's Department et al.*, case No. EDCV-11-00092 DSF (OP) (Cal. C.D. 2011).

Alternatively, Bodnar argues that the time period (from January 2006 to September 2009) for filing suit against defendants was tolled under Government Code section 945.3. Government Code section 945.3 provides in part: "No person charged by indictment, information, complaint, or other accusatory pleading charging a criminal offense may bring a civil action for money or damages against a peace officer or the public entity employing a peace officer based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused, while the

4

charges against the accused are pending before a superior court.  [¶]  Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court."  By his own admission, the criminal charges against him reached final disposition in September 2009.  Nonetheless, Bodnar did not initiate this action until April 2014, well beyond the statute of limitations.  Defendants' demurrers to Bodnar's complaint were properly sustained.

Furthermore, the trial court correctly denied Bodnar leave to amend.  Both at the trial court and on appeal Bodnar failed to show how he could plead around the statute of limitations if given the chance to amend.  (*San Diego City Firefighters, Local 145 v. Board of Administration etc.* (2012) 206 Cal.App.4th 594, 606.)  The statutory bar to this action is apparent from the face of the pleadings and from matters judicially noticeable.  Accordingly, the trial court did not err in sustaining defendants' demurrers to the complaint without leave to amend.

## III.  DISPOSITION

The judgment is affirmed.  Defendants are awarded costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ
P. J.

CODRINGTON
J.

5