Opinion
 

 RYLAARSDAM, J.
 

 Harboring Villas Homeowners Association (Association) is a nonprofit corporation composed of owners of condominium units (units). The complaint alleges CE MAR Las Vegas IX, Inc. (developer) was
 
 *428
 
 a real estate builder and the developer of the units. The Association seeks review of the trial court’s order sustaining developer’s demurrer on the grounds of misjoinder of parties and ordering the Association to amend its complaint to name the secured lenders (the lenders) of each condominium unit. We hold that the lenders are not indispensable parties because the pleadings do not “demonstrate a substantial risk of multiple liability sufficient to require that additional parties be joined in the complaint.”
 
 (Union Carbide Corp.
 
 v.
 
 Superior Court
 
 (1984) 36 Cal.3d 15, 22 [201 Cal.Rptr. 580, 679 P.2d 14].)
 

 Facts
 

 The Association’s suit alleged various defects and deficiencies in the construction of the units and requested compensatory damages. The Association brought the action under Code of Civil Procedure section 383 on its own behalf and in its representative capacity. As is provided under this section, the individual unit owners are not plaintiffs. (Code. Civ. Proc., § 383, subd. (a); all further statutory references, unless otherwise noted, are to the Code of Civil Procedure.) The developer demurred to the complaint on various grounds, one of which was misjoinder of parties. (§ 430.10, subd. (d).) Specifically, the developer contended because the complaint sought damages for diminution in value, the lenders had potential claims to the extent that the construction defects may have impaired their security. Should the unit owners “take the money and run,” the developer would be forced to defend against multiple actions on each unit. Thus, maintained the developer, the trust deed holders were indispensable parties.
 

 The court sustained developer’s demurrer on the grounds of misjoinder of parties as to each count and sustained the demurrer with leave to amend as to the third and fourth counts. The court properly overruled the demurrer on all other grounds and allowed the Association 20 days’ leave to amend to join the secured lenders to the action. The Association filed this writ proceeding. We stayed the trial court’s order sustaining the demurrer on the grounds of misjoinder and directing the Association to join the lenders in the action. We issued an alternative writ, the parties filed formal responses and we entertained oral argument.
 

 Discussion
 

 The sole issue in this case is whether the secured lenders are indispensable parties to the underlying proceedings under the statutory guidelines of section 389. We conclude they are not, and hold the trial court abused its discretion in sustaining developer’s demurrer on that ground.
 
 *429
 

 (Bank of California
 
 v.
 
 Superior Court
 
 (1940) 16 Cal.2d 516, 526 [106 P.2d 879].)
 

 It is axiomatic that a demurrer lies only for defects appearing on the face of the pleadings. More specifically, a defendant may not make allegations of defect or misjoinder of parties in the demurrer if the pleadings do not disclose the existence of the matter relied on; such objection must be taken by plea or answer.
 
 (Stratford Irr. Dist.
 
 v.
 
 Empire Water Co.
 
 (1941) 44 Cal.App.2d 61, 69-70 [111 P.2d 957].) Developer, in urging its demurrer for nonjoinder of parties, stated that none of the trust deed holders are parties to the action. Such an allegation was an improper basis for demurrer because it does not appear from the face of the complaint that the units are subject to trust deeds. The petition can be granted on this basis alone. Recognizing, however, that this is a recurring issue, we proceed to the merits.
 

 Section 389 states in relevant part: “(a) A person . . . shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party.”
 

 Developer maintains it will be subject to multiple lawsuits if the lenders are not joined in this action. In
 
 Union Carbide Corp.
 
 v.
 
 Superior Court, supra,
 
 36 Cal.3d 15, our Supreme Court interpreted the language of section 389 which permits joinder where an existing party to the action may incur “a substantial risk of incurring double, multiple, or otherwise inconsistent obligations” (§ 389, subd. (a), cl. (2)(ii).) There, petitioners were sellers of industrial gas who were named as defendants in a price-fixing conspiracy. They sought a writ of mandate requiring the trial court to order respondent to join every individual in the chain of distribution of industrial gas between respondent purchaser and petitioners.
 

 The joinder claim was raised by way of demurrer. Observing that a party may be added to the action at any stage, the court stated that a “ ‘. . . joinder question should be decided with reasonable promptness, but decision may properly be deferred if adequate information is not available at the time. Thus the relationship of an absent person to the action, and the practical effects of an adjudication upon him and others, may not be sufficiently revealed at the pleading stage; in such a case it would be appropriate to defer
 
 *430
 
 decision until the action was further advanced. . . .’ ”
 
 (Union Carbide Corp.
 
 v.
 
 Superior Court, supra,
 
 36 Cal.3d at p. 22.) In short, a trial court does not have to make an immediate determination of what parties must be joined at the pleading stage.
 

 Moreover, the court explained that a “ ‘substantial risk’ means more than a theoretical possibility of the absent party’s asserting a claim that would result in multiple liability. The risk must be substantial as a practical matter. [Citations.]”
 
 (Union Carbide Corp.
 
 v.
 
 Superior Court, supra,
 
 36 Cal.3d at p. 21.) The court rejected petitioners’ contention that they were entitled to joinder for several reasons (some of which are not germane here as they deal with potential liability in an ongoing federal suit under federal statutes). Relevant here is the court’s rejection of petitioners’ argument on the ground that there was no showing that other purchasers of the gas intended to assert a claim against petitioners.
 
 (Id.
 
 at pp. 23-24.)
 

 The trial records and briefs filed before this court belie developer’s contention that the lenders are necessary parties. The developer merely states the Association’s complaint for property damage equates to impairment of security for which each lender has a claim to any settlement or judgment entered in the underlying action. We cannot tell from the complaint: (1) who the trust deed owners of the units are; (2) whether such owners intend to proceed against the developer in a separate action; (3) whether such owners have any interest at all in the existing action; or, (4) whether the security as to any or all units is sufficiently impaired to make it practically necessary for any or all lenders to participate in the action.
 

 In any event, the lenders or any other potential plaintiff cannot sit back indefinitely should they decide to bring an action against developer. Attached to the developer’s demurrer is a document which represents that the units were completed in October of 1989. Section 337.15 provides no action may be brought against a developer of real property for latent deficiencies more than 10 years after the substantial completion of the development. (§ 337.15, subd. (a).) Assuming this 10-year statute of limitations is the appropriate period of limitations, and assuming the 10 years runs from 1989, this “ ‘make[s] it impractical for potential plaintiffs to sit on their rights until after entry of judgment in [the instant] suit.’ ”
 
 (Union Carbide Corp.
 
 v.
 
 Superior Court, supra,
 
 36 Cal.3d at p. 24.)
 

 Developer relies on
 
 Snelson
 
 v.
 
 Ondulando Highlands Corp.
 
 (1970) 5 Cal.App.3d 243, [84 Cal.Rptr. 800] to further bolster its argument that the lenders are indispensable parties. In
 
 Snelson,
 
 the plaintiffs purchased
 
 *431
 
 residential real property from defendants after defendants assured them the lot was not built on “fill.” After plaintiffs moved onto the property there was a considerable amount of rain resulting in a large landslide on plaintiffs’ lot. The evidence revealed plaintiffs’ lot contained fill material and the landslide would not have occurred but for the fill. Plaintiffs gave notice of rescission, tendered possession of the property to defendants and demanded reimbursement of the sums they spent on the property.
 

 Defendants appealed from the judgment granting plaintiffs rescission of their purchase of the property. Of interest here was the trial court’s finding that California Federal, the trust deed beneficiary, was neither a necessary nor an indispensable party to the action. The reviewing court observed that California Federal had notice of the action when it was subpoenaed to produce documents, but chose not to intervene.
 
 (Snelson
 
 v.
 
 Ondulando Highlands Corp., supra,
 
 5 Cal.App.3d at p. 254.) The court determined that California Federal was a necessary party, but concluded that “[a]s long as the court in the exercise of its equitable powers could devise a decree granting plaintiffs rescission without infringing upon the legal rights of California Federal, the latter was not an indispensable party, although the difficulties of drafting an appropriate rescission judgment would have been alleviated materially if California Federal had been made a party.”
 
 (Ibid.)
 

 Unlike
 
 Snelson,
 
 this is not an action for rescission. Nor is this a case “where a number of persons have undetermined interests in the same property.” (B
 
 ank of California
 
 v.
 
 Superior Court, supra,
 
 16 Cal.2d at p. 521.) Any judgment entered here should not infringe upon the lenders’ rights. Contrary to the developer’s argument that the Association is “seeking to recover damages that rightfully belong to the lenders,” a trust deed holder or mortgagee may recover damages for injury to the property caused by the tortious conduct of a third party only for the impairment of the security.
 
 (People
 
 ex rel.
 
 Dept, of Transportation
 
 v.
 
 Redwood Baseline, Ltd.
 
 (1978) 84 Cal.App.3d 662, 671, fn. 7 [149 Cal.Rptr. 11].) At this juncture there is no way of ascertaining whether the lenders’ security has been impaired.
 

 Developer has presented no more than a theoretical possibility that it could be subject to further liability. The Association projects that “as many as 42 new plaintiffs will be added to this action (not considering any second or third trust deeds), many of which will likely need to be added as involuntary plaintiffs.” To require that all lenders be brought in whether they are interested or not would further complicate an already complex action. Clearly the lenders have an interest in preventing and ameliorating waste to the units. However, simply because they may be “considered
 
 proper
 
 parties
 
 *432
 
 to this litigation (i.e., parties subject to permissive joinder or capable of intervention), it is clear that they could in no case be considered
 
 indispensable
 
 parties, or parties without whom the action could not fairly proceed.”
 
 (.Serrano
 
 v.
 
 Priest
 
 (1976) 18 Cal.3d 728, 752 [135 Cal.Rptr. 345, 557 P.2d 929].) The developer may ascertain the identities of the lenders through appropriate discovery and put them on notice of the action, leaving them free to intervene if they so choose.
 

 Developer has not cited, nor has our research uncovered, any case extending section 389 to compel the joinder of trust déed beneficiaries or mortgagees to a construction defect action. The issue was discussed, peripherally, in
 
 U.S. Financial
 
 v.
 
 Sullivan
 
 (1974) 37 Cal.App.3d 5 [112 Cal.Rptr. 18]. There the lender brought an action against the developers for impairment of its security interest in several subdivision lots. The developers’ various demurrers were sustained without leave to amend. One of the grounds on which the demurrers were sustained was the developers’ contention that “. . . a mortgagee or beneficiary cannot recover from a third party [beneficiary] without first foreclosing the security and seeking satisfaction from the mortgagor or trustor.”
 
 (Id.
 
 at p. 14.) The developers advanced this argument from concern that they might suffer overlapping damages in separate actions by the beneficiary or mortgagee and the trustor or mortgagor.
 

 In rejecting this contention the court observed that if the developers were concerned about the possibility of double liability, they could move to join the mortgagors as necessary parties under section 389.
 
 (U.S. Financial
 
 v.
 
 Sullivan, supra,
 
 37 Cal.App.3d at p. 17.) In our view this language, dicta to be sure, permits but does not compel joinder. On the facts of the instant case, we do not think the court should compel joinder of the lenders.
 

 Our Supreme Court has cautioned against finding any necessary party as indispensable and observed that “we should ... be careful to avoid converting a discretionary power or a rule of fairness in procedure into an arbitrary and burdensome requirement which may thwart rather than accomplish justice.”
 
 (Bank of California
 
 v.
 
 Superior Court, supra,
 
 16 Cal.2d at p. 521.) Having considered the applicable statutory and decisional law in our review of this matter, we determine that the secured lenders of the units are not indispensable parties. This does not prohibit developer from moving to join the lenders at a later stage in the proceedings after the nature, cause, and extent of the injuries to the units, if any, have been developed. Nor would it foreclose the trial court from permitting the lenders to intervene should the court deem it expedient.
 

 
 *433
 
 Disposition
 

 Let a peremptory writ of mandate issue directing the trial court to vacate its order sustaining the developer’s demurrer on the ground of misjoinder of parties and to enter a new and different order overruling the demurrer on that ground. Association is entitled to its costs.
 

 Crosby, Acting P. J., and Sonenshine, J., concurred.