Filed 5/6/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ERIC DENNIS SYKORA,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>STATE DEPARTMENT OF STATE HOSPITALS,<br><br>    Defendant and Respondent. | 2d Civil No. B249285<br>(Super. Ct. No. CV120252A)<br>(San Luis Obispo County) |

Failure to follow the requirements of the Government Tort Claims Act often bars a plaintiff from filing an action against a state agency. (Gov. Code, § 900 et seq.) But not always. The Act recognizes that in certain cases an inflexible application of its requirements produces an unjust result for which relief is available. The instant case is an example. We hold the timely filing and apparent acceptance of a government claim for which plaintiff inadvertently did not pay the $25 filing fee do not bar his claim.

Plaintiff Eric Dennis Sykora filed a government tort claim with the Victim Compensation and Government Claims Board ("the Board"). He did not include the required $25 filing fee. The Board affixed its stamp on the claim and assigned it a claim number.

Sykora later filed a negligence action against defendant State of California Department of Mental Health, now known as State Department of State Hospitals ("the Department"). More than one year after the claim was filed, the Department challenged

the claim in a motion for judgment on the pleadings because Sykora did not pay the $25 filing fee.

The trial court agreed and granted the Department's motion and dismissed Sykora's action. We reverse.

FACTS

Sykora was a patient at Atascadero State Hospital from February 4 to May 4, 2011. He suffered from schizoaffective and poly substance dependence disorders, which were treated with therapy and medications. Upon his release, he claimed he had not been provided psychotropic medication or guidance on how to obtain it.

On May 15, 2011, Sykora's sister reported that Sykora's health was deteriorating. He was confused and hearing voices. The next day, an employee of a mental health conditional release program discovered Sykora "unconscious, [ly]ing on his blood-soaked bed in a pool of his own blood." He had cut off his genitals with a knife because "the 'devil' told him to do it."

On November 8, 2011, Sykora's attorney mailed a "Government Claims Form" to the Board. He alleged Sykora had suffered damages stemming from medical malpractice. After receiving no response from the Board, he filed an action against the Department and other defendants. In his first amended complaint, he alleged causes of action for negligence and negligent infliction of emotional distress.

On April 10, 2013, the Department filed a motion for judgment on the pleadings alleging Sykora "did not file a timely and proper claim with [the Board] before instituting this litigation against the State . . . ." In an attached declaration, Eric Rivera, the Board's custodian of records, said that Sykora's claim was received by the Board on November 14, 2011. He said it "was not accompanied by the required $25.00 filing fee, or an affidavit or request for waiver of the filing fee as permitted by the Government Code section 911.2, subdivision (b)(2). *Therefore, I am informed and believe that [the claim] was not accepted by [the Board] as a government claim.*" (Italics added.) Rivera attached a file-stamped copy of the claim to his declaration.

2.

Sykora opposed the motion and claimed, among other things, that the Board did not give him notice that his claim was deficient or would not be considered.

Sykora's attorney attached a declaration stating that he "inadvertently omitted to include a check for payment" of the $25 filing fee. He declared, "I was unaware of my or my employee's inadvertent omission of the $25 fee until I received the herein Motion for Judgment on the Pleadings by the defendant . . . ." He said, "Had I been advised of said inadvertence, I would have undertaken payment and corrected the apparent failure of my office to include the $25 administrative payment as soon as I might have been advised."

The trial court granted the Department's motion and dismissed with prejudice Sykora's action against the Department. It said the claim "*appears timely as the governmental claim was served on November 8, 2011*," and involves damages that are alleged to have occurred on May 15 or 16, 2011. (Italics added.) The claim "*was 'received'* by the Board on November 14, 2011." (Italics added.) It was also "file" stamped by the Board. The court found the Board was not required to give notice to Sykora's attorney that the claim was deficient because the filing fee was not paid.

The trial court acknowledged this was a "harsh" result but was required by statute: "The declaration of Plaintiff's counsel admits *an inadvertent failure to include the filing fee* with the claim when it was presented to the Board, in violation of the requirements [of] the Government Code: [¶] A $25.00 filing fee is required with the presentation of a claim and that fee is deposited into the General Fund. (Government Code § 905.2 (c)." (Italics added.)

The trial court noted that Rivera's declaration stated that "the claim was not 'accepted' by the Board."

## DISCUSSION

"A motion for judgment on the pleadings performs the same function as a general demurrer . . . ." (*Cloud v. Northrop Grumman Corp.* (1998) 67 Cal.App.4th 995, 999.) "It is axiomatic that a demurrer lies only for defects appearing on the face of the pleadings." (*Harboring Villas Homeowners Assn. v. Superior Court* (1998) 63

3.

Cal.App.4th 426, 429.)  Consequently, when considering a motion for judgment on the pleadings, "[a]ll facts alleged in the complaint are deemed admitted . . . ."  (*Lance Camper Manufacturing Corp. v. Republic Indemnity Co.* (1996) 44 Cal.App.4th 194, 198.)  "Presentation of extrinsic evidence is therefore not proper on a motion for judgment on the pleadings."  (*Cloud*, at p. 999.)

The trial court relied on Rivera's declaration.  Rivera surmised upon information and belief that the Board did not "accept" Sykora's government tort claim.  But this unresolved factual issue may not be considered in a motion for judgment on the pleadings.

A claim "relating to a cause of action for death or for injury to [the] person" must be "presented" within "six months after the accrual of the cause of action."  (§ 911.2, subd. (a).)[1]  Section 915.2, subdivision (a) provides that if a claim is "presented or sent by mail," the claim "*shall be deemed to have been presented and received* at the time of deposit."  (Italics added.)  Sykora alleged that he "complied with all applicable Government Code requirements" and he "presented" his tort claim "by depositing" it in the mail on November 8, 2011, to the "Government Claims Board."  He alleged the claim was timely within the six-month period because it involved injuries he suffered on May 15, 2011.  These facts "are deemed admitted" in a motion for judgment on the pleadings.  (*Lance Camper Manufacturing Corp. v. Republic Indemnity Co.*, *supra,* 44 Cal.App.4th at p. 198.)  The trial court ruled the claim was timely presented to the Board.

Nor was Rivera's belief that the Board had not "accepted" the claim a proper matter for judicial notice.  "'Facts' offered to contradict key allegations" of the complaint "are not properly the subject of judicial notice."  (*Big Valley Band of Pomo Indians v. Superior Court* (2005) 133 Cal.App.4th 1185, 1191.)  Rivera's declaration did not "transform" the State's motion on the pleadings "into a contested evidentiary dispute."  (*Id.* at p. 1192.)

In any event, Rivera's conclusory assertion *upon information and belief* that the Board did not accept the claim is insufficient to support a factual finding on this issue.

---

[1] All statutory references are to the Government Code unless otherwise stated.

4.

(*Overland Plumbing, Inc. v. Transamerica Ins. Co.* (1981) 119 Cal.App.3d 476, 483; *Proctor & Gamble Mfg. Co. v. Superior Court* (1954) 124 Cal.App.2d 157, 161.) Moreover, Sykora's claim, attached as an exhibit to Rivera's declaration, contains official notations that contradict Rivera. The Board file stamped that the claim was "received" on November 14, 2011, and gave the claim an official claim number.

*The Board's Duty to Give Notice of the Insufficiency of Sykora's Claim*

Sykora notes the Board did not give him notice that his claim was deficient and argues the Department waived a defense based on the deficiency of the claim.

The Department responds Sykora did not file a valid claim because he did not include the filing fee required by section 911.2, subdivision (b)(1). It suggests the Board could wait until after Sykora filed his action to first raise the claim deficiency issue.

It is true that a filing fee is required with the claim unless the Board waives it. Section 911.2, subdivision (b) provides, "For purposes of determining whether a claim was commenced within the period provided by law, the date the claim was presented to the [Board] is one of the following:  [¶]  (1) The date the claim is submitted with a twenty-five dollar ($25) filing fee."

The Legislature recognized that claimants make mistakes during the claims process and must be given an opportunity to correct them. Consequently, it provided a procedure to allow them to amend their claims (§ 910.6), to present late claims (§ 911.4), and to resubmit a claim where the document submitted was not on a claim form (§ 910.4). The Legislature granted courts authority to apply the substantial compliance doctrine where the claims do not meet certain technical requirements of the statute. (§ 910.6, subd. (b).) It provided the Board with the option "at any time within 20 days after the claim is presented" to "give written notice of its insufficiency, stating with particularity the defects or omissions therein." (§ 910.8.)

Because serious consequences flow if a claimant is not given notice of deficiencies, the Legislature provided a sanction or a remedy, depending upon one's perspective. Section 911 provides, in relevant part, "*Any defense as to the sufficiency of*

*the claim* based upon a defect *or omission in the claim as presented is waived by failure to give notice of insufficiency* with respect to the defect or omission as provided in Section 910.8 . . . ."  (Italics added.)  There are only two exceptions not applicable here:  "[N]o notice need be given and no waiver shall result when the claim as presented fails to state either an address to which the person presenting the claim desires notices to be sent or an address of the claimant."  (*Ibid.*)

The Department claims Sykora was not entitled to a notice of claim deficiency and could not rely on the defense waiver provision because the statute that authorizes the Board to give notice of claim deficiencies (§ 910.8) refers to provisions that relate only to the contents of the claim.  (§§ 910, 910.2.)  But the filing fee is an integral part of the claim.  It is a requirement for filing.  (§ 911.2.)  It is undisputed that Sykora's claim was presented to the Board.  The omission of the fee is an "*omission* in the *claim as presented*" under section 911.  (Italics added.)

The Board therefore has a duty to give notice of claim deficiencies involving fee requirements.  If a claimant submits a deficient fee waiver application, the Board must give notice of the denial of the application and provide 10 days leave to pay the fee.  (§ 911.2, subd. (b)(2), (3).)  This shows a legislative intent that the filing of an otherwise timely claim without the fee is a correctible mistake for which the Board is required to give notice.

Assume Sykora or his attorney had gone to the Board in person and filed a timely claim without the filing fee.  The Board "file stamps" the claim and assigns it a number.  Mission accomplished.  Sykora or his attorney leaves with the confidence the claim is timely and exchanges a "have a nice day" with the clerk behind the counter.  No reasonable interpretation of the legislative scheme would allow the Board to wait until litigation to raise the absence of the filing fee to defeat the claim.  There is no reasonable justification for a different result simply because the claim was sent by mail.  This "gotcha" tactic was not contemplated by the Legislature.

6.

The Department argues that the legislative history supports the view that the Legislature did not intend that the Board give notice in cases where the fee was not paid. But as Sykora notes, the history of section 911 supports the opposite conclusion. In 2004, the proponents of Senate Bill No. 1102 proposed an amendment to section 911 that would have provided that "no notice need be given" when "the claim as presented . . . *fails to include the filing fee.*" But the Legislature rejected this amendment. It consequently acted in accord with its duty to maintain the right of claimants to receive notice of such deficiencies.

"Statutes should be given a construction consistent with the legislative purpose and that purpose should not be sacrificed to a literal interpretation." (*Silberman v. Swoap* (1975) 50 Cal.App.3d 568, 571.) The Department's position undermines the remedial purposes of these corrective provisions which are: 1) to provide relief for technical noncompliance, 2) to allow cases to be heard on their merits, and 3) to protect claimants from traps for the unwary. (*Renteria v. Juvenile Justice, Department of Corrections & Rehabilitation* (2006) 135 Cal.App.4th 903, 910; *Spencer v. Merced County Office of Education* (1997) 59 Cal.App.4th 1429, 1436.) We agree with the trial court that the Department's position produces a harsh result. But the harsh result here that deprives Sykora of his day in court was not contemplated by the Legislature.

The Department also claims Sykora did not timely file the claim. But section 911.3, subdivision (a) provides that the Board give notice that a claim is late "within 45 days after the claim is presented" and direct the claimant to "apply . . . for leave to present a late claim." Subdivision (b) provides, in relevant part, "Any defense as to the time limit for presenting a claim described in subdivision (a) *is waived by failure to give notice set forth in subdivision (a)* within 45 days after the claim is presented . . . ." (Italics added.) This provision was enacted to provide relief to claimants such as Sykora. The legislative mandate is that relief "shall" be granted where "[t]he failure to present the claim was through mistake, inadvertence, surprise or excusable neglect . . . ." (§ 911.6, subd. (b)(1).) The Department's position that Sykora's inadvertent failure to pay the fee forfeits his rights undermines the statutory goal.

7.

In *Phillips v. Desert Hospital District* (1989) 49 Cal.3d 699, our Supreme Court held the notice and "defense-waiver provisions of the [tort claims] act" are triggered when a document is "presented" to the Board (*id.* at p. 707), which "discloses the existence of a 'claim' which, if not satisfactorily resolved, will result in a lawsuit against the entity" (*id*. at p. 709). Sykora's claim allegations satisfies these requirements. The Board received his timely claim, which it file stamped, but gave no notice that the claim was insufficient or incomplete. It did not request counsel to send a filing fee. The Board received the claim on November 14, 2011, but the Department did not raise a claim deficiency issue until it filed its motion on April 10, 2013, too late for corrective action. These facts triggered the defense-waiver provisions of the statute.

In light of our decision, we need not discuss Sykora's other arguments.

The judgment is reversed. On remand, Sykora's complaint shall be reinstated. Costs on appeal are awarded to appellant.

<u>CERTIFIED FOR PUBLICATION.</u>

GILBERT, P. J.

We concur:

YEGAN, J.

PERREN, J.

8.

Martin J. Tangeman, Judge

Superior Court County of San Luis Obispo

_____

Fisher Law Office, David L. Fisher for Plaintiff and Appellant.

Kamala D. Harris, Attorney General, Kristin G. Hogue, Senior Assistant Attorney General, Richard Rojo, Supervising Deputy Attorney General, David Adida, Deputy Attorney General, for Defendant and Respondent.