Filed 4/16/25  Kilrain v. City of Santa Barbara CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| DAVID MATTHEW KILRAIN, Plaintiff and Appellant, v. CITY OF SANTA BARBARA, et al. Defendants and Respondents. | 2d Civ. No. B332799 (Super. Ct. No. 22CV01222) (Santa Barbara County) |

David Matthew Kilrain appeals the judgment following the trial court's granting the motion for judgment on the pleadings of respondents City of Santa Barbara, Monica Broumand, Ariel Calonne, Erik Engebretson, Jessica Gray, Nicole Grisanti, Naomi Kovacs, Jeanette Prusinski, Julie Ruggieri, and Mike Wiltshire as to his third amended complaint.  He contends the court erred when it found he did not present his claim for damages in compliance with the Government Claims Act (Gov. Code, § 810 et

seq.) and denied his request for leave to amend a fourth time. We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Appellant filed this action in March of 2022. It is one of several actions alleging a wide-ranging conspiracy against him by respondents, who are current and former city employees, arising in part out of alleged damages to his boat and a restraining order respondents obtained against him.[1] The trial court sustained respondents' demurrers to his complaint and first amended complaint with leave to amend. It overruled their demurrer to his second amended complaint after finding appellant sufficiently pleaded a cause of action for intentional infliction of emotional distress.[2]

Respondents moved for judgment on the pleadings as to his second amended complaint on the ground appellant failed to comply with the Government Claims Act (Act). Appellant acknowledged not filing a timely claim for damages with the City but obtained leave to amend to allege facts sufficient to excuse compliance. He filed a third amended complaint. Respondents again moved for judgment on the pleadings. Appellant's opposition stated that "[h]is excuse for not totally complying

---

[1] Appellant moved to consolidate this appeal with another arising from a factually related case in San Luis Obispo County. We denied his motion in our order dated February 20, 2025.

[2] The court sustained the demurrer without leave as to defendant L.O. L.O. filed a respondent's brief arguing appellant did not separately appeal her dismissal and requesting we dismiss her from this appeal. Appellant concedes the point in his reply. We therefore grant L.O.'s unopposed request to dismiss the appeal against L.O.

[with the Act] was that the City Employees along with the Illuminati conspired so many crimes against [him] as retaliation to [him] opening this case that he cannot think straight or worry about money when he is trying to protect his child and animals and survive in Santa Barbara." His statements at hearing echoed this position. The trial court granted the motion without leave to amend, finding appellant "offer[ed] no additional allegations to show in what manner he can further amend . . . to demonstrate that he submitted a claim that substantially complies with the Act's claim presentation requirements or that demonstrate a legally sufficient excuse from those requirements."

The trial court dismissed the case with prejudice and entered judgment in favor of respondents in August of 2023. It denied appellant's motion to set aside and vacate the ruling.

## DISCUSSION

A motion for judgment on the pleadings functions as a general demurrer. (*Sykora v. State Dept. of State Hospitals* (2014) 225 Cal.App.4th 1530, 1534.) "Consequently, when considering a motion for judgment on the pleadings, '[a]ll facts alleged in the complaint are deemed admitted . . . .'" (*Ibid.*, quoting *Lance Camper Manufacturing Corp. v. Republic Indemnity Co.* (1996) 44 Cal.App.4th 194, 198.) "We review de novo an order granting a motion for judgment on the pleadings. [Citation.] We review the judgment and not the trial court's reasoning." (*Lowry v. Port San Luis Harbor Dist.* (2020) 56 Cal.App.5th 211, 217.) We affirm for two reasons.

First, appellant forfeited any argument of error "by failing to comply with the applicable rules of appellate procedure." (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 619.) "[T]he California Rules of Court expressly require appellate briefs to '[s]tate each

3

point . . . and support each point by argument and, if possible, by citation of authority' and to '[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears.'" (*Id.* at p. 620, quoting Cal. Rules of Court, rule 8.204(a)(1)(B) & (C).) Appellant's briefs "do not properly cite the record and are replete with unsupported legal and factual assertions." (*L.O.* at p. 620; Cal. Rules of Court, rule 8.204(a)(1)(B) & (C).) The clerk's transcript does not contain any of his four complaints, leaving us to infer his factual allegations from the handful of rulings and filings the record does include.

Second, we affirm the ruling on the merits. The Act states that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board." (Gov. Code, § 945.4.) Appellant concedes he did not present a timely claim but argues that removing his prayer for monetary damages would exempt his case from the Act's requirements. We do not agree. Three rounds of demurrers shaped appellant's pleading into a viable claim for intentional infliction of emotional distress. He does not articulate how amending his prayer, and nothing else, would transform this quintessential tort claim into one that is exempt from the Act. "When the primary purpose of an action is pecuniary in nature (*i.e.*, not seeking injunctive, specific, or declaratory relief . . . ), the action is subject to the [Act's] claims presentation requirements, even if it is framed as a cause of action for nonpecuniary relief." (Van Alstyne et al., Cal.

4

Government Tort Liability Practice (Cont.Ed.Bar 2024) § 5.53, p. 5-41.)

Appellant also contends the Federal Rules of Civil Procedure prohibited the trial court from dismissing his case with prejudice. (See Fed. Rules Civ. Proc., rule 41(b) ["Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 —operates as an adjudication on the merits."].) Federal procedural rules do not apply in state court proceedings. (See, e.g., *Laufman v. Hall-Mack Co.* (1963) 215 Cal.App.2d 87, 89 [state court applies state procedural rules even when enforcing federal law].) Appellant points to no analogous state procedural statute or rule requiring the court to dismiss without prejudice when a party fails to comply with the Act. The extent to which the judgment constitutes a final adjudication on the merits for purposes of *res judicata* in appellant's other lawsuits against respondents is beyond the scope of this appeal.

We agree with respondents that the trial court "showed immense patience and restraint" when it gave appellant "four opportunities to plead a valid complaint." His sweeping allegations of misconduct and resulting emotional distress, however sincere, were not sufficient to show appellant could amend his complaint to plead compliance with the Act or a legally sufficient excuse. (See *Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 ["It is not [the court's] place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness"].)

DISPOSITION

Judgment is affirmed.  Appeal against L.O. is dismissed.
Respondents shall recover their costs on appeal.

NOT TO BE PUBLISHED.


CODY, J.


We concur:



GILBERT, P. J.



YEGAN, J.


6

Thomas P. Anderle, Judge
Superior Court County of Santa Barbara
_____

David Michael Kilrain, in pro per, for Plaintiff and Appellant.

Sarah J. Knecht, City Attorney, Tom R. Shapiro, Assistant City Attorney, for Defendants and Respondents City of Santa Barbara, Ariel Calonne, Mike Wiltshire, Erik Engebretson, Monica Broumand, Jeanette Prusinski, Nicole Grisanti, Naomi Kovacs, Julie Ruggieri, and Jessica Gray.

Ferreira Law Group, Gabriela Ferreira, for Defendant and Respondent L.O.