Filed 4/18/22  Arellano v. City of San Diego CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| RAUL ARELLANO, | D078442 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 37-2016-00016908-CU-PO-CTL) |
| CITY OF SAN DIEGO et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Ronald L. Styn, Judge.  Affirmed.

Raul Arellano, in pro. per., for Plaintiff and Appellant.

Mara Woodworth Elliot, City Attorney and Tyler Louis Krentz, Deputy City Attorney, for Defendant and Respondent, City of San Diego.

Dean Gazzo Roistacher and Lee H. Roistacher, Joseph Michael Radachonski for Defendant and Respondent, City of El Cajon.

Lonnie Eldridge, County Counsel and Joshua Michael Heinlein, Senior Deputy Counsel, for Defendant and Respondent, County of San Diego.

Plaintiff and appellant Raul Arellano, a self-represented litigant who is incarcerated in state prison, appeals from a judgment entered after the trial

court sustained without leave to amend demurrers by defendants and respondents City of San Diego (San Diego), City of El Cajon (El Cajon) and County of San Diego (County) to Arellano's operative second amended complaint.[1] The court ruled Arellano failed to allege compliance with claims presentation requirements of the Government Claims Act (at times the Act; Gov. Code,[2] § 810 et seq.), and that he had not demonstrated the so-called "prison-delivery rule" extended to those requirements. It entered judgment in defendants' favor. Arellano challenges the court's ruling, and asserts the court made other errors. We reject his challenge to the order sustaining the demurrers without leave to amend, and hold he has forfeited his remaining arguments. We affirm the judgment.[3]

---

[1] Arellano filed two second amended complaints, one in December 2018 and one in September 2019. The lower court considered the latter filing the operative pleading and permitted County and San Diego to refile demurrers to that pleading.

[2] Undesignated statutory references are to the Government Code.

[3] At the same time that Arrellano requested oral argument in this matter, he asserted that as of October 26, 2021, he had not received respondents' brief and sought clarification about it. Defendants' proof of service of their combined respondents' brief indicates the brief was served October 21, 2021, by U.S. mail on Arrellano at RJ Donovan Correctional Facility, where Arrellano confirmed he has been housed since about 2013. Arrellano appeared for oral argument and this court gave him the opportunity to make his points. It was incumbent on Arrellano to seek relief if he had not received the combined respondents' brief, and he forfeited any objection that he assertedly lacked notice of defendants' arguments by proceeding in this manner.

2

FACTUAL AND PROCEDURAL BACKGROUND

When reviewing a judgment entered on a demurrer sustained without leave to amend, the appellate court usually assumes the truth of properly pleaded facts alleged in the plaintiff's operative complaint. (*Mathews v. Becerra* (2019) 8 Cal.5th 756, 768; *Roy Allan Slurry Seal, Inc. v. American Asphalt South, Inc.* (2017) 2 Cal.5th 505, 512.) Here, Arellano's operative second amended complaint mainly consists of arguments and legal conclusions, making it difficult to cull material factual allegations. That pleading incorporated Arellano's first amended complaint, so we view those allegations as well. Arellano does not acknowledge or set out the pertinent standard of review, and there is no indication in his brief that he has summarized the material allegations of his pleadings. The general background facts of the incident are ultimately not dispositive on our review of defendants' demurrers.[4]

Arellano's original May 2016 lawsuit alleged he suffered personal injuries at the hands of law enforcement officers during his November 2010 arrest and while in county jail, causing him to suffer seizures and emotional distress. Defendants filed demurrers, including on grounds Arellano did not state viable causes of action against them under the Act as government entities, and failed to allege compliance with the claims presentation

---

[4]    The People ask this court to take judicial notice of federal court pleadings, orders and a docket, and recount the procedural history of Arellano's lawsuits in federal and state court, including this action's removal to and remand from federal court. They argue the materials are relevant to their statute of limitations and claim/issue preclusion arguments. Because we need not reach these arguments, we deny the request as unnecessary to our decision. (See *San Diego City Firefighters*, *Local 145 v. Bd. of Admin. of San Diego City Employees Ret. Sys.* (2012) 206 Cal.App.4th 594, 600, fn. 3, citing *Jordache Enterprises, Inc. v. Brobeck, Phleger & Harrison* (1998) 18 Cal.4th 739, 748, fn. 6.)

requirement of the Act. The trial court agreed with these arguments and sustained the demurrers, granting Arellano 60 days leave to amend. Arellano eventually filed a document entitled "serving 3 defendants with 2nd Amended Complaint dated Dec 14, 2018" as well as a Judicial Council form pleading and handwritten attachment labeled as a second amended complaint. The court deemed that September 2019 pleading as Arellano's operative second amended complaint.

Arellano's operative second amended complaint purported to set forth causes of action for assault and battery, negligent supervision and retention, intentional infliction of emotional distress, excessive force, gross negligence, and violation of the Bane Act (Civ. Code, § 52.1) based in part on allegations that officers used deadly force to arrest him. Arellano alleged he complied with Government Claims Act requirements by submitting his claim within six months of the incident, addressing it to the public agencies' principal offices, and giving his notice of claim to another inmate who gave it to an officer who collects the mail to be sent out.

Defendants again filed demurrers, on grounds, among others, that Arellano failed to file a claim as required by the Act. The trial court sustained the demurrers, ruling the operative complaint did not allege facts sufficient to establish compliance with the Act: "[T]he second amended complaint alleges only that plaintiff gave an envelope containing his claim to an officer at the county jail. The second amended complaint acknowledges that it is unknown if the City of El Cajon, or any of the other public entities, received Plaintiff's claim. Absent from the second amended complaint are the requisite allegations that, either the claim was delivered or mailed to any of the recipients designated in [section] 915[, subdivision] (a), or the claim was actually received by the City of El Cajon, City of San Diego and County of

4

San Diego as allowed for under [section] 915[, subdivision] (e)(1). Without such allegations, the court finds the second amended complaint fails to allege facts sufficient to establish compliance with the claims presentation requirements of the California Tort Claims Act."

DISCUSSION

I. *Standard of Review and Settled Principles of Appellate Review*

" 'In reviewing an order sustaining a demurrer, we examine the operative complaint de novo to determine whether it alleges facts sufficient to state a cause of action under any legal theory.' [Citation.] ' " ' "We treat the demurrer as admitting all material facts properly pleaded, but not contentions, deductions or conclusions of fact or law. . . . We also consider matters which may be judicially noticed." . . . Further, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context.' " ' " (*Mathews v. Becerra, supra*, 8 Cal.5th at p. 768.) Our primary task is to determine whether the facts alleged provide the basis for a cause of action against defendants under any theory. (*Alliance Mortgage Co. v. Rothwell* (1995) 10 Cal.4th 1226, 1232; *Foster v. Sexton* (2021) 61 Cal.App.5th 998, 1019.)

"Although we review the complaint de novo, ' "[t]he plaintiff has the burden of showing that the facts pleaded are sufficient to establish every element of the cause of action and overcoming all of the legal grounds on which the trial court sustained the demurrer, and if the defendant negates any essential element, we will affirm the order sustaining the demurrer as to the cause of action. [Citation.] We will affirm if there is any ground on which the demurrer can properly be sustained, whether or not the trial court relied on proper grounds or the defendant asserted a proper ground in the trial court proceedings." ' [Citation.] It is the trial court's ruling we review, not its

5

reasoning or rationale." (*Kahan v. City of Richmond* (2019) 35 Cal.App.5th 721, 730.)

On appeal, a judgment or an order is presumed to be correct, and Arellano as the party challenging the judgment must affirmatively show error. (E.g., *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141; *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) To meet this burden, he must provide cogent legal argument in support of his claims of error with citation to legal authority. (Cal. Rules of Court, rule 8.204(a)(1)(B); *Sims v. Department of Corrections & Rehabilitation* (2013) 216 Cal.App.4th 1059, 1081.) Absent these required matters, the point is forfeited. (*Sims*, at p. 1081; *People v. Stanley* (1995) 10 Cal.4th 764, 793.)

## II. *Compliance with Government Claims Act*

California's Government Claims Act authorizes limited liability for injuries suffered as a result of the acts or omissions of public entities or their employees. (§§ 815.2, 815.6.) A person seeking to maintain an action against a public entity must comply with a written claims procedure as a condition precedent. (*J.J. v. County of San Diego* (2014) 223 Cal.App.4th 1214, 1219.) "Generally speaking, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented until a written claim has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board." (*Munoz v. State of California* (1995) 33 Cal.App.4th 1767, 1776; § 945.4.)

A claim for personal injury against a government entity "shall be presented as provided in Article 2 (commencing with Section 915) not later than six months after the accrual of the cause of action." (§ 911.2, subd. (a);

6

*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 737-738; *Andrews v. Metropolitan Transit System* (2022) 74 Cal.App.5th 597, 604-605.) Section 915 requires a claim to be delivered to, mailed to, or actually received by the "clerk, secretary or auditor [of the public entity]" or to the "governing body at its principal office" within the allotted time. (§ 915, subds. (a), (e); *DiCampli-Mintz v. County of Santa Clara* (2012) 55 Cal.4th 983, 990 (*DiCampli-Mintz*); *Del Real v. City of Riverside* (2002) 95 Cal.App.4th 761, 770.) That section "reflects the Legislature's intent to precisely identify those who may receive claims on behalf of a local public entity." (*DiCampli-Mintz*, at p. 992.) If a claim is misdirected but actually received by a statutorily designated recipient, it will satisfy the presentation requirement. (*Ibid.*) But "[i]f an appropriate public employee or board never receives the claim, an undelivered or misdirected claim fails to comply with the statute." (*Ibid.*) Addressing a claim to the wrong entity will not constitute substantial compliance with the Act. (*Johnson v. San Diego Unified School Dist.* (1990) 217 Cal.App.3d 692, 697-698; accord, *Willis v. City of Carlsbad* (2020) 48 Cal.App.5th 1104, 1123, fn. 11; *Santee v. Santa Clara County Office of Education* (1990) 220 Cal.App.3d 702, 714 [late claim application filed with county board of supervisors did not constitute substantial compliance for claim required to be filed with county office of education, a separate unrelated entity].)

"With certain exceptions (§ 905), the timely filing of a written government claim is an *element* that a plaintiff is required to prove in order to prevail on his or her cause of action. [Citation.] Thus, a complaint failing to allege facts demonstrating timely presentation of a claim or that such presentation was excused is subject to a general demurrer for not stating facts sufficient to constitute a cause of action." (*Willis v. City of Carlsbad*,

7

*supra*, 48 Cal.App.5th at p. 1119, citing *DiCampli-Mintz*, *supra*, 55 Cal.4th at p. 990; see also *State of California v. Superior Court* (*Bodde*) (2004) 32 Cal.4th 1234, 1239-1240; *Foster v. Sexton*, *supra*, 61 Cal.App.5th at pp. 1021-1022.) "Despite other administrative remedies that may be available, prisoners have an independent 'obligation to comply with the Government Claims Act.' " (*Foster v. Sexton*, at p. 1022.)

"Public policy supports the 'strict application' [citation] of the claims presentation requirements: ' "Requiring a [claimant] . . . to first present a claim to the entity, before seeking redress in court, affords the entity an opportunity to promptly remedy the condition giving rise to the injury, thus minimizing the risk of similar harm to others. [Citations.] [It] also permits the public entity to investigate while tangible evidence is still available, memories are fresh, and witnesses can be located. [Citations.] Fresh notice of a claim permits early assessment by the public entity, allows its governing board to settle meritorious disputes without incurring the added cost of litigation, and gives it time to engage in appropriate budgetary planning. [Citations.] The notice requirement . . . thus is based on a recognition of the special status of public entities, according them greater protections than nonpublic entity defendants, because . . . public entities . . . will incur costs that must ultimately be borne by the taxpayers." ' " (*Willis v. City of Carlsbad*, *supra*, 48 Cal.App.5th at p. 1120, quoting *DiCampli-Mintz*, *supra*, 55 Cal.4th at p. 991.)

Arellano's handwritten appellate brief suffers from procedural and substantive deficiencies. However, attempting to understand his argument as best we can, it appears he asserts the superior court tentatively agreed he sufficiently alleged facts showing compliance with the Act, then reversed itself in its final ruling. He argues his second amended complaint's

allegations "should be sufficient to satisfy . . . [§ 915, subdivision (a)(2)], which says that the requisite is satisfy [*sic*] if I mail the claim to the public entity's clerk." (Some capitalization omitted.) Arellano states he gave his mail to a jail officer because that officer "acted as the mailman and such is the procedure to mail stuff out from county jail." Arellano further contends that he was unaware defendants never received his claim until they filed their demurrers, and sections 910.8 and 911.3 required defendants to give him notice and let him refile his claim to correct the defects. He maintains that if they did not do so, they cannot argue he failed to "exhaust [his] [g]overnment [c]laims," citing *Sykora v. State Department of State Hospitals* (2014) 225 Cal.App.4th 1530.

In his second amended complaint, Arellano checked a Judicial Council form box that he "complied with applicable claim statutes." He handwrote on the form that he "complied because persuant [*sic*] to . . . [section] 915[, subdivision] (a), I submitted my claim to each named public entity . . . within 6 months after incident" and "sent it to the address to it's [*sic*] principal office, to it's [*sic*] clerk, etc." Arellano wrote: "In my presence the officer in County jail, where I was incarserated [*sic*], took the envelope to send mail to public entities." He wrote the "mailbox rule applies to tort claims."

Elsewhere, Arellano's pleading states: "I submitted my claim to each entity through mail. I gave my mail to another inmate who knew how to get the procedure done. Me and inmate gave it to an officer who collects the mail to be sent out. This occurred while I was in prison. The address sent was the principals [*sic*] office of their public entity.

"(1) County of San Diego  (2) City of San Diego office  (3) El Cajon City office
    1600 Pacific Hwy.
    San Diego, CA
    92101"  (Some capitalization omitted.)

9

Arellano wrote: "I never received any denial notices. And it's unclear if my mail ever made it to it's destiny [*sic*] but I submitted my claim timely (within 6 months of incident). And according to *Moore v. Twomey* (2004) 120 Cal.App.4th 910[,] a prison state tort complaint is timely filed if it is delivered to prison officials for mailing on or before the filing due date[.]" (Some capitalization and punctuation omitted.)

"Ordinarily, a pleading 'is sufficient if it alleges ultimate rather than evidentiary facts' constituting the cause of action. [Citation.] ' "It has been consistently held that ' "a plaintiff is required only to set forth the essential facts of his case with reasonable precision and with particularity sufficient to acquaint a defendant with the nature, source and extent of his cause of action." ' " ' " (*Foster v. Sexton, supra*, 61 Cal.App.5th at pp. 1019-1020.) Consistent with this theory, appellate courts have held "[a] plaintiff may allege compliance with the claims requirements by including a general allegation that he or she timely complied with the claims statute." (*Gong v. City of Rosemead* (2014) 226 Cal.App.4th 363, 374; *Perez v. Golden Empire Transit Dist.* (2012) 209 Cal.App.4th 1228, 1237 [plaintiff's allegation that she "filed a timely claim complying with the required claims statute" and complied "with the requirements of the government tort claim statute" sufficed against a demurrer].) The Fifth District Court of Appeal has held that a checked box on a Judicial Council form suffices. (*Esparza v. Kaweah Delta Dist. Hospital* (2016) 3 Cal.App.5th 547, 554-555 [following *Perez* and holding general allegation of compliance with Act was not contradicted by allegation plaintiff served the claim on defendant on or at a specific date].) But it is also long settled that specific allegations will control over general ones. (*Orange County Water Dist. v. Sabic Innovative Plastics US, LLC* (2017) 14 Cal.App.5th 343, 397-398; *Medical Marijuana, Inc. v.*

10

*ProjectCBD.com* (2016) 6 Cal.App.5th 602, 619; *Gentry v. eBay, Inc.* (2002) 99 Cal.App.4th 816, 827; *Perez*, at p. 1237; *Esparza*, at p. 552.) Consequently, if specific allegations contradict Arellano's general allegation of compliance, we may conclude the demurrer was properly sustained without leave to amend. (Accord, *Perez*, at p. 1237.)

According to defendants, Arellano's more specific allegations—his specification of how and where he mailed the claims—demonstrate noncompliance with the Act because they show he did not mail his claim to the requisite person (the clerk, secretary, auditor or governing body) and did not even include addresses for San Diego or El Cajon, establishing he never mailed the claim in the first place. Defendants further argue that because Arellano alleges he does not know whether his mail arrived, he cannot truthfully allege his misdirected claims were actually received by the appropriate persons.

We agree with defendants. Even liberally construing Arellano's allegations and drawing all permissible inferences favorable to him as we must (*Candalore v. Tinder, Inc.* (2018) 19 Cal.App.5th 1138, 1143; *Perez v. Golden Empire Transit Dist.*, *supra*, 209 Cal.App.4th at p. 1238), we cannot infer his claims were properly presented when they do not specify the appropriate person to receive the claim and the addresses he placed on the claims are incorrect or incomplete. And we agree that having alleged he does

11

not know whether his claims reached their destination,[5] he cannot now contradict himself to allege they were actually received. The circumstances here are unlike *Perez*, in which the appellate court reversed an order sustaining a demurrer because it was unable to conclude the plaintiff's specific allegations concerning her claim contradicted her general allegation that she had complied with the government tort claims presentation requirement. The plaintiff's amended complaint alleged that a defendant's representative had informed her she had omitted the date of the incident on her claim, and she " 'subsequently provided the date of the incident to said representative, thus complying with the requirements of the government tort claim statute.' " (*Id.* at p. 1238.) The defendant argued that inferences from those allegations established plaintiff's claim did not include the date of occurrence, and the plaintiff did not present an amendment correcting that omission. (*Ibid.*) Characterizing the argument as one asking the court to draw inferences in the *defendant's* favor, the appellate court held the specific allegation, construed in the plaintiff's favor, could be interpreted to mean

---

5     In his first amended complaint, Arellano alleged: "It's unknown if government claim office did or didn't received [*sic*] my claim but I did submitted [*sic*] the claim on time." He continued: "Either way, I did file I just never got a response . . . . I thought that government claim office just didn't respond because it deny me [*sic*]." (Some capitalization omitted.) In sustaining defendants' demurrers to the first amended complaint the court ruled: "[A]bsent are allegations that the claim was delivered or mailed to any of the persons set forth in [section] 915[, subdivision] (a), or that the claim was actually received by the City as allowed for under [section] 915[, subdivision] (e)(1), or that the claim was mailed in compliance with [section] 915[, subdivision] (f). Without any such allegations the amended complaint fails to allege facts sufficient to support compliance with the claims presentation requirements of the California Tort Claims Act." (Some capitalization omitted.) The court granted Arellano 60 days leave to amend to allege facts establishing compliance with the claims presentation requirements of the Act or excuse for noncompliance.

12

that the plaintiff provided the date to the representative by amending the claim, making the specific allegation consistent with her general allegation of compliance with the tort claims presentation procedure. (*Id.* at pp. 1238-1239.)[6]

Here, where Arellano includes specific allegations that set out incorrect or incomplete addresses for his claim and admits he cannot say whether the defendants received them, we cannot reach a favorable interpretation or draw inferences in his favor to save the second amended complaint from the deficiency. These allegations contradict his general allegation that he complied with the Act, and justified sustaining the defendants' demurrers without leave to amend.

Arellano's arguments based on the defective claim notice and defense waiver provisions of the Act (see §§ 910.8, 911; *Phillips v. Desert Hospital District* (1989) 49 Cal.3d 699, 707, 709) and *Sykora v. State Dept. of State Hospitals*, *supra*, 225 Cal.App.4th 1530 do not change our conclusion. A document will constitute a " 'claim as presented' triggering sections 910.8, 911 and 911.3, if it discloses the existence of a 'claim' which, if not satisfactorily resolved, will result in a lawsuit against the entity. [Citation.] A public entity's *receipt of written notice* that a claim for monetary damages exists and that litigation may ensue places upon the public entity the responsibility, and gives it the opportunity, to notify the potential plaintiff pursuant to sections 910.8 and 911 of the defects that render the document

---

[6] Defendants ask us to hold *Perez* and *Esparza* are wrongly decided to the extent they hold a plaintiff can generally allege compliance with the Act. We need not decide the point given our conclusions above. Further, our analysis assumes without deciding that the prison delivery rule applies (see *Silverbrand v. County of Los Angeles* (2009) 46 Cal.4th 106, 110 [extending rule to civil notices of appeal]) so that the date of mailing was when Arellano gave his claim to the prison mail officer.

insufficient under sections 910 and 910.2 and thus might hamper investigation and possible settlement of the claim." (*Phillips*, at p. 710, italics added.) "Thus, if a public entity receives a document that alerts it to the existence of a claim and the possibility of a lawsuit but fails to comply substantially with sections 910 and 910.2, the purposes of the [Act] are best served by requiring the public entity to notify the claimant of the nature of the claim's insufficiencies or lack of timeliness or else waive, by operation of sections 911 and 911.3, its defenses based on those deficiencies." (*Id.* at p. 711.) Arellano's pleading did not trigger these sections because, as stated, he cannot allege his claim was presented to a statutorily required recipient (§ 915) or received by the appropriate public entity. "[I]t is *only* a 'claim *as presented* [that] fails to comply substantially' that triggers sections 910.8, 911, and 911.3." (*Id.* at p. 707, some italics added.) A misdirected claim never received by the appropriate public employee or board does not give rise to these notice and defense-waiver provisions.

In *Sykora*, the plaintiff's claim was timely served and it was both received and file stamped by the applicable board, but the board rejected it because it did not include a $25 filing fee. (*Sykora v. State Department of State Hospitals*, *supra*, 225 Cal.App.4th at pp. 1533-1534.) Noting it was undisputed that the claim was presented to the board (*id.* at p. 1536), the Court of Appeal reversed a judgment on the pleadings, holding that under these circumstances, the Board had a duty to give notice of the claim deficiency concerning the fee requirement, and by not doing so, waived any defense that the claimant's claim was insufficient. (*Id.* at pp. 1536-1538.) *Sykora* is inapplicable here because Arellano cannot allege he presented his claim to San Diego, El Cajon or County or that those entities actually received it.

IV. *Denial of Leave to Amend*

When, as here, a court sustains a demurrer without leave to amend, "we must decide whether there is a reasonable possibility the plaintiff could cure the defect with an amendment. [Citation.] If we find that an amendment could cure the defect, we conclude that the trial court abused its discretion and we reverse; if not, no abuse of discretion has occurred. [Citation.] The plaintiff has the burden of proving that an amendment would cure the defect." (*Schifando v. City of Los Angeles* (2003) 31 Cal.4th 1074, 1081.)

The trial court sustained defendants' demurrers to Arellano's second amended complaint without leave to amend. This came after defendants raised the issue in two prior demurrers, after which the court granted Arellano leave to amend to cure the defects in his pleadings.

Arellano does not meaningfully challenge the ruling denying leave to amend on appeal, and thus he does not specify allegations he would add or change to correct any defect, or what additional facts he could allege that would demonstrate he met the condition precedent of presenting a legally sufficient claim under the Act. As stated, it is his burden to affirmatively demonstrate how the complaint can be amended and how the amendment will cure the deficiencies. (*Schifando v. City of Los Angeles*, *supra*, 31 Cal.4th at p. 1081; *Heritage Pacific Financial, LLC v. Monroy* (2013) 215 Cal.App.4th 972, 994.) He has not done so.

V. *Arellano's Remaining Contentions*

Arellano sets out three additional grounds for his appeal, none of which are supported by reasoned legal argument or authority. He first states he filed a default judgment against the "fugitive task force" in September 2015, but the superior court "ignored [his] motion . . . ." He asks this court to order

the superior court to enter a default judgment against the task force for its failure to answer his complaint.  Arellano next suggests the superior court did not address his argument concerning equitable estoppel; he states he "would like for superior court to address these ground [*sic*] and make the determination if facts reveal equitable estoppel."  Finally, Arellano states the lower court did not address his motion for permission to serve two defendants who assertedly participated in the incidents.  He apparently asks us to order the lower court to allow him to serve the other two defendants.  Because he makes these conclusory points and assertions without legal argument or citation to legal authority (including as to whether he was required to raise the latter issue below to preserve it), they are forfeited.  (*Sims v. Department of Corrections & Rehabilitation*, *supra*, 216 Cal.App.4th at p. 1081.)  We recognize Arellano is representing himself in the matter.  But an appellant "is not exempt from [appellate] rules because he is representing himself on appeal in propria persona.  . . .  '[S]uch a party is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' "  (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

## DISPOSITION

The judgment is affirmed.


O'ROURKE, J.

WE CONCUR:


McCONNELL, P. J.


HALLER, J.